GRETNA PUBLIC SCHOOL, DISTRICT NO. 37, APPELLEE AND CROSS-APPELLANT, V. STATE BOARD OF EDUCATION, STATE OF NEBRASKA, APPELLANT AND CROSS-APPELLEE.

272 N. W. 2d 268

Filed December 6, 1978. No. 41683.

Paul L. Douglas, Attorney General, and Harold Mosher, for appellant.

Ginsburg, Rosenberg, Ginsburg & Krivosha, for appellee.

Heard before SPENCER, C. J., PRO TEM., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

SPENCER, C. J., PRO TEM.

This action originated before the Nebraska State Board of Education for a declaratory ruling pursuant to section 84-912, R. R. S. 1943, directed to the computation of the amount of state-apportioned school funds withheld from Gretna Public School, District No. 37. We determine the District Court was without jurisdiction in this matter, so reverse and dismiss.

On January 23, 1975, the Commissioner of Education notified Gretna Public School District No. 37, its share of the upcoming distribution of school funds would be reduced by 10 percent because it had employed a teacher during the 1973-74 school year who did not possess a valid certificate. The school superintendent promptly requested a reconsideration of the matter. However, the school district took no formal action to challenge the imposition of the penalty until May 1976. At that time it filed a petition before the State Board for a declaratory ruling pursuant to section 84-912, R. R. S. 1943. The State Board conducted a hearing on August 13, 1976, in response to the petition. On September 24, 1976, the Board found the school district lacked legal capacity to sue and that necessary parties had not been named as defendants. The Board further found that even if the pleading defects were ignored, the action of the Commissioner in assessing the penalty was proper.

The school district filed a petition in the District Court for an appeal pursuant to section 84-917, R. R. S. 1943. The State Board of Education was named as respondent. A special appearance and a demurrer filed by the board were both overruled.

The District Court determined the penalty had been properly imposed but improperly computed. The court found the penalty should have been assessed in 1974, when the uncertified teacher was in the employ of the school district, and the Commissioner was not authorized to deduct 10 percent from the district's 1975 entitlement because this would result in a larger penalty. The order of the State Board was reversed. The matter was remanded for entry of a declaratory ruling in accordance with the judgment. The court further directed the Commissioner to henceforth make a determination as to whether all teachers are certified before the funds are distributed to the school districts. The State Board has perfected an appeal from this judgment and the school district has cross-appealed.

Section 84-912, R. R. S. 1943, provides: "On petition of any interested person, any agency may issue a declaratory ruling with respect to the applicability to any person, property, or state of facts of any rule or statute enforceable by it. A declaratory ruling, if issued after argument and stated to be binding, is binding between the agency and the petitioner on the state of facts alleged unless it is altered or set aside by a court. *Such a ruling is subject to review in the manner provided in the code of civil procedure.* Each agency shall prescribe by rule the form for such petitions and the procedure for their submission, consideration, and disposition." (Italics supplied.)

It is clear from the language of the section we have italicized that the Legislature did not intend to provide a right of appeal under the Administrative Procedure Act from declaratory rulings made by an

agency. It is significant to note that the Model State Administrative Procedure Act, which served as a pattern for the Nebraska Act, does provide for such an appeal. Section 7 of the original Model Act, which is in all other respects identical to section 84-912, R. R. S. 1943, reads: "Such a ruling is subject to review in the [District Court] in the manner hereinafter provided for the review of decisions in contested cases."

Although section 84-917, R. R. S. 1943, confers the right of appeal upon "any person aggrieved by a final decision in a contested case" a proceeding to obtain a declaratory ruling from an agency is not a contested case as that term is used in the Act. "Contested case" means a proceeding before an agency in which the legal rights, duties, or privileges of specific parties are required by law or constitutional right to be determined after an agency hearing. § 84-901 (3), R. R. S. 1943.

The right of appeal in this state is clearly statutory and unless the statute provides for an appeal from the decision of a quasi-judicial tribunal, such right does not exist. Lydick v. Johns, 185 Neb. 717, 178 N. W. 2d 581 (1970). We hold that section 84-917, R. R. S. 1943, does not provide a right of appeal from a declaratory ruling of an administrative agency pursuant to section 84-912, R. R. S. 1943.

Because of the disposition we make of this case, it is unnecessary to consider the other assignments of error advanced by the State Board, or the cross-appeal of the school district.

The judgment of the District Court is reversed and the cause is dismissed.

REVERSED AND DISMISSED.