ELMER RICHARDSON, APPELLEE, v. BOARD OF EDUCATION OF SCHOOL DISTRICT NO. 100, KEYA PAHA COUNTY HIGH SCHOOL DISTRICT, APPELLANT.

290 N. W. 2d 803

Filed April 8, 1980. No. 42690.

John A. Wagoner, for appellant.

Edward E. Hannon of Cronin, Hannon & Symonds, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

HASTINGS, J.

The defendant, the Board of Education of School District No. 100, Keya Paha County High School District (School District), is a Class VI school district organized under the provisions of Neb. Rev. Stat. §§ 79-1101 et seq. (Reissue 1976). It appeals a judgment of $2,010 entered against it by the District Court for Keya Paha County, Nebraska, in favor of the plaintiff, Elmer Richardson (Richardson). This judgment represents a portion of the amount paid by Richardson to the Burke, South Dakota, High School as tuition for his two children for the school year 1976-77. This amount, as a percentage figure previously, had been ordered paid by the Nebraska State Board of Education (State Board) under the

authority of Neb. Rev. Stat. § 79-1103.05 (Reissue 1976). The School District asserts as error: (1) That the trial court failed to hold that particular statute to be special legislation in violation of Neb. Const. art. III, § 18; (2) That it failed to find the legislation "unconstitutional as being violative of the equal protection clause of the Constitution of the United States;" (3) That it held that the decision of the State Board was a final order and not appealable; (4) That there was no evidence from which it could find that the Burke High School was approved or accredited as required by Nebraska statutes; and (5) That the State Board had no authority to order payment of 75 percent of the tuition charged by the Burke, South Dakota, High School. We affirm the judgment of the District Court.

Richardson lives in the extreme northeast corner of Keya Paha County. The boundaries of the School District embrace his property. The physical plant of the school maintained by the School District is in the town of Springview which is 35 miles from Richardson's home and accessible by way of 17.6 miles of oiled road and 17.4 miles of gravel and dirt road. During extremely bad weather, the alternative route to Springview is through Burke, South Dakota, making a total traveling distance of 75 miles one way. Burke is 15 miles from Richardson's home by way of 14 miles of oiled and 1 mile of graveled road. Maintained and operated in Burke is a first level accredited educational institution under the laws of the State of South Dakota.

Section 79-1103.05 provides, in part, as follows:

(1) When application is made in writing by the parent . . . of a pupil . . . the board of education of any school district of the sixth class maintaining an accredited high school may pay the regular . . . tuition for any pupil residing in such . . . district and attending an accredited . . . high school in this state out-

side such school district when such high school shall be located at least ten miles closer to the place of residence of such pupil than the school maintained by such . . . district and when, in the opinion of the board of education, the best interest of such pupil or such school district may so require. When the school attended is outside this state, the board of education may pay the regular high school tuition or such portion thereof as may be agreed upon by the respective governing bodies.

Pursuant to this statute, Richardson made application to the School District to have it pay the 1976-77 tuition to Burke High School for Richardson's children. At a regular meeting of the board of education of the School District, the application was unanimously rejected. The reasons given were the additional cost to the local taxpayers and that the accepting of such application "could lead to more applications which would cause a decline in the enrollment at Keya Paha County High School which would be detrimental to the operations of the school."

Subsection (2) of § 79-1103.05 declares that: "Any parent . . . of such student who is aggrieved by a decision of the board . . . may appeal such decision to the State Board of Education whose decision shall be binding when the school attended is outside the State of Nebraska." Accordingly, Richardson appealed the School District's rejection of his application to the State Board, before which a hearing was held on August 13, 1976. At that hearing, witnesses appeared in behalf of both Richardson and the School District. They testified to such matters as the location of and convenience of access to the two schools in relation to Richardson's home, the relative educational opportunities offered by each school, and the costs or expenses incurred or to be incurred by both the School District and Richardson.

A verbatim transcript of that testimony, together with all documentary evidence presented at that hearing, appear as exhibits in the bill of exceptions of the District Court trial. On September 24, 1976, an order was entered by the State Board finding generally the existence of the statutory prerequisites previously mentioned, that it would be in the best interests of the children if they were permitted to attend the public high school in Burke, and that the School District shall pay 75 percent of the tuition charged said children for the 1976-77 school year. Actually, the original order referred to the school year 1975-76, but by order nunc pro tunc dated October 1, 1976, it was changed to read "1976-77." No appeal was taken from this order and the next filing by either party was on September 8, 1977, when the petition was filed in the District Court resulting in the proceeding from which this appeal was taken.

The petition filed by Richardson, other than alleging the statutorily-required basic facts previously presented before the State Board, simply pled the order entered by that board and attached the same as an exhibit. It further alleged that the School District had failed and refused to pay to Richardson the sum of $2,010 which represented 75 percent of the total tuition paid by him, and prayed for judgment in that amount. The School District's answer asserted that the order of the State Board was vague and indefinite in its findings as to the adequacy of the education offered by the Burke High School and that § 79-1103.05 is void and unenforceable because it violates Neb. Const. art. I, § 1, and art. VIII, § 1, and U.S. Const. amend. XIV.

Although all the evidence previously heard by the State Board was offered and received in the District Court as well as additional testimony, duplicative in nature, as to the convenience and best interests of the pupils and the quality of the education offered by Burke High School, we view the proceeding as simply

a suit to recover money claimed to be due and owing by virtue of an order of the State Board. In other words, it amounted, in effect, to an action to enforce an order of a state agency. This required proof of the issuance of that order and of the amount of tuition paid by Richardson. Under that theory of the case, the judgment of the trial court is fully supported by the undisputed evidence. However, the School District has mounted a collateral attack on the order of the State Board, challenging both the constitutionality of § 79-1103.05 and the findings made by the State Board under the provisions of that statute. The challenge, in part, involves the questions of whether the State Board has the authority to set the portion of tuition that the School District must pay and whether the decision of the State Board is appealable to the District Court or whether it is final.

The question as to the authority of the State Board to set the amount of tuition to be paid is simply a matter of statutory construction. We must presume that the Legislature intended every provision of the statute to have a meaning. *Rohrer v. Hastings Brewing Co.*, 83 Neb. 111, 119 N.W. 27 (1908). Referring then to the words of the statute as to attendance at schools outside the State of Nebraska, a school district "may pay the regular high school tuition or such portion thereof as may be agreed upon by the respective governing bodies." § 79-1103.05 (1). It would then appear that a school district is permitted, first, to make a decision as to whether to pay at all and, second, how much to pay. Although it must be conceded that apparently the School District is limited to paying all or such portion of the tuition as may be agreed upon, rather than an arbitrary percentage of the total, nevertheless it should be noted that the lesser figure of 75 percent was suggested by Richardson himself and he makes no complaint in this regard.

The statute permits the parent of a student who is aggrieved by the decision of the school district to appeal to the state board, "whose decision shall be binding." § 79-1103.05 (2). In order for this provision to have meaning, the State Board would necessarily have the authority to review the decisions of the School District as to whether to pay and how much to pay. In reviewing these two decisions, the State Board was required to conduct a hearing, receive evidence, and decide adjudicative facts. An agency which decides a dispute of adjudicative fact is required to act in a judicial manner and orders made in the exercise of such judicial function are reviewable by error proceedings. *School Dist. No. 23 v. School Dist. No. 11*, 181 Neb. 305, 148 N.W.2d 301 (1967). Additionally, even though an agency is performing a legislative function, the Legislature may confer upon it judicial power to determine facts and equities under which legislation authorizes some changes to be made. *Ruwe v. School District,* 120 Neb. 668, 234 N. W. 789 (1931). "One cannot be denied his right of review in the appellate courts, and proceedings in error are always resorted to where no other method is pointed out or provided for." *Languis v. DeBoer*, 181 Neb. 32, 37, 146 N.W. 2d 750, 753 (1966). Neb. Rev. Stat. § 25-1901 (Reissue 1975).

However, there is another method specifically provided for in order to review the actions of a state agency. Neb. Rev. Stat. § 84-917 (1) (Reissue 1976) provides that: "Any person aggrieved by a final decision in a contested case . . . is entitled to judicial review under sections 84-917 to 84-919." Neb. Rev. Stat. § 84-901 (3) (Reissue 1976) defines a contested case as "a proceeding before an agency in which the legal rights, duties, or privileges of specific parties are required by law or constitutional right to be determined after an agency hearing." Subsection (1) of that same section defines an agency as "each

board, commission, department, officer, division, or other administrative office or unit of the state government authorized by law to make rules . . . ." In another chapter, it is provided that: "The State Board of Education . . . shall be the policy-forming . . . body for the state school program." Neb. Rev. Stat. § 79-321 (3) (Reissue 1976). "The State Board of Education shall have the power and it shall be its duty: . . . To . . . establish rules and regulations . . . To interpret its own policies, standards, rules, and regulations and, upon reasonable request, hear complaints and disputes arising therefrom." Neb. Rev. Stat. § 79-328 (Reissue 1976).

We therefore hold that the State Board of Education hearing appeals as provided for in § 79-1103.05 (2) acts in a quasi-judicial capacity and, therefore, either party has the right to appeal to the District Court any such order made, either by a petition in error or by direct appeal as provided by law.

In so holding, we are not unaware of our rulings in *Gretna Public School v. State Board of Education,* 201 Neb. 769, 272 N.W.2d 268 (1978), and *School Dist., The City of York v. State Board of Education,* 201 Neb. 773, 272 N.W.2d 363 (1978). In those cases, we concluded that no appeal was available under the provisions of § 84-917 from a declaratory ruling of the State Board of Education pursuant to Neb. Rev. Stat. § 84-912 (Reissue 1976) as it then read. However, we pointed out that § 84-912 specifically provided that: "Such a ruling is subject to review in the manner provided in the code of civil procedure." We went on to say that § 84-917 conferred the right of appeal in a contested case only and a proceeding to obtain a declaratory ruling is not such a contested case. That is the distinction that exists between those cases and the instant case.

It is clear that the School District took no steps to prosecute an appeal of any nature within 30 days of entry of the State Board's order, as required by Neb.

Rev. Stat. §§ 25-1931 (Reissue 1975) and 84-917 (2) (Reissue 1976). Rather, it attempted to collaterally attack an order of the State Board which had long before become final. "A collateral attack upon a judgment will not lie unless the judgment is absolutely void. Where the court has jurisdiction of the parties and the subject matter, its judgment is not subject to collateral attack because the judgment is only voidable and not void." *State ex rel. Casselman v. Macken*, 194 Neb. 806, 809, 235 N.W.2d 867, 869 (1975). "The rule against collateral impeachment of judicial decisions applies to the determinations of state and county officers or boards of officers, who, although not constituting a court, are called on to act judicially in matters of administration . . . ." 49 C. J. S. *Judgments* § 407d at 804 (1947). See, also, *City of Phoenix v. Wright,* 61 Ariz. 458, 150 P.2d 93 (1944).

It is apparent from the record that the State Board had jurisdiction of the parties and the subject matter. Even assuming, which we do not here decide, that § 79-1103.05 (2) is unconstitutional because of one or more of the reasons advanced by the School District, the order made by the State Board would, at most, be voidable, determinable in a proper appeal procedure. "A statute is presumed to be constitutional and a judgment entered on an unconstitutional statute is not absolutely void but is voidable only." *Norlanco, Inc. v. County of Madison*, 186 Neb. 100, 107, 181 N.W.2d 119, 123 (1970). The order entered by the State Board not being void, the School District may not at this stage collaterally attack that order by challenging the constitutionality of the statute.

Additionally, there was no compliance with Rule 18 of the Revised Rules of the Supreme Court (1977), which requires that a party presenting a case involving the constitutionality of a statute must file a written notice thereof with the clerk of this court and serve a copy of the brief on the Attorney General.

Therefore, we come to the conclusion that the issue of the constitutionality of § 79-1103.05 is not properly before us on the record in this case.

The order of the State Board requiring the School District to pay 75 percent of Richardson's tuition costs not having been appealed, it became a final order and those issues could not be relitigated in Richardson's suit to collect under that order. Therefore, it is not necessary to consider the remaining assignments of error.

The judgment of the District Court is affirmed.

AFFIRMED.

KRIVOSHA, C. J., concurs in result.

CLINTON, J., not voting.

WHITE, J., concurring.

In *Gretna Public School v. State Board of Education*, 201 Neb. 769, 272 N.W.2d 268 (1978), we held that no right of appeal exists from a declaratory ruling of an administrative agency pursuant to Neb. Rev. Stat. § 84-912 (Reissue 1976), the statute then in effect, as the same was not a "contested case." Neb. Rev. Stat. § 84-917 (Reissue 1976). (Section 84-912 has been amended since *Gretna* was decided. See Neb. Rev. Stat. § 84-912 (Supp. 1979).)

The *Gretna* holding should be limited to its facts. In that case, the State Board of Education was powerless to do anything about *Gretna's* complaints, as was the District Court, and as was this court. The state aid money was distributed. The State Board had no authority to recall it or to deduct any alleged overpayment from the some 1,200 school districts in this state from future years' allocation. What we might more appropriately have said is that, while the State Board may render advisory opinions, the District Court and the Supreme Court will not.