HOLLY BERQUIST ET AL., APPELLEES, V.
DR. ANNE CAMPBELL, COMMISSIONER, ET AL.,
APPELLEES,
SHIRLEY BRUCKNER ET AL., INTERVENORS-APPELLANTS.

316 N.W.2d 596

Filed February 26, 1982. No. 43744.

Richard J. Bruckner for appellants.

Mark D. McGuire of Crosby, Guenzel, Davis, Kessner & Kuester for appellee Berquist.

Clayton H. Shrout for appellee Christiansen.

Verne Moore, Jr., of McGill, Koley, Parsonage & Lamphier for appellee Mussman.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

CLINTON, J.

This is an appeal by the intervenors, Bruckner et al. (Bruckner), from a declaratory judgment entered by the District Court for Lancaster County. The judgment determined Bruckner had no right under the provisions of Neb. Rev. Stat. § 79-1283 (Reissue 1976) of appeal to the State Board of Education (board) from an order of the Nebraska Professional Practices Commission (commission) dismissing complaints against the plaintiffs for violation of the ethical professional practices criteria promulgated by the commission under the provisions of Neb. Rev. Stat. § 79-1282 (Reissue 1976).

Neb. Rev. Stat. §§ 79-1281 and 79-1281.01 (Reissue 1976) provide for the creation of the commission. Section 79-1282 provides that the board, with the counsel of the commission, "shall develop, through the teaching profession, criteria of professional practices in areas including but not limited to: (1) Ethical and professional performance, (2) competency, (3) continuance in professional service, and (4) contractual obligations."

Section 79-1283 is as follows: "The State Board of Education shall request the commission or a special committee of members thereof to make investigations, hold hearings and make recommendations to the State Board of Education concerning alleged violations of standards of professional ethics and practices. The commission recommendations shall be made a part of the record of the State Board of Education in all cases of certificate revocation or suspension and reinstate-

ment of a revoked or suspended certificate. The commission may privately admonish, warn and reprimand members of the teaching profession for violation of the standards established pursuant to section 79-1282."

The intervenors Bruckner, whose status is not otherwise described in the record, made complaints to the board against the plaintiffs, Berquist, Christiansen, and Mussman, who are, respectively, a teacher, school principal, and superintendent of schools of district No. 46, Sarpy County, for violation of the ethical criteria. The board, pursuant to the provisions of § 79-1283, requested the commission to make an investigation and hold hearings on the complaints. At the conclusion of the hearing the commission ordered the complaints dismissed for the reason the evidence did not make a prima facie case. Bruckner then filed a notice of appeal and a request for hearing with the board, seeking a review or new hearing before that body.

The plaintiffs then filed this declaratory judgment action against Dr. Anne Campbell, the Commissioner of Education of the State of Nebraska, and the State Board of Education, requesting that the court determine the board had no jurisdiction to hear appeals from an order of dismissal by the commission. The plaintiffs further asked that the board be enjoined from hearing the matter upon the appeal or rehearing the matter as requested by Bruckner. Pursuant to stipulation, a temporary restraining order was entered in this action enjoining the board from acting on Bruckner's "appeal." Thereafter, trial was held, and the court determined Bruckner had no right of appeal to the board. In addition, however, the District Court went on to conclude that Bruckner would have had a right of review under Neb. Rev. Stat. § 84-917 (Reissue 1976) before the appropriate District Court, had timely action been taken. No injunctive relief was granted because the plaintiffs waived that form of relief. Bruckner then filed this appeal. We affirm.

Bruckner makes various assignments of error. However, the only question we need decide is whether, under the provisions of § 79-1283, there may be an appeal from an order of the commission dismissing a complaint.

Neb. Rev. Stat. § 79-1284 (Reissue 1976) authorizes the commission to "adopt rules and regulations for the performance of its functions." The commission has adopted the following rule: "1-(8)(c) THE DECISION "(i) The Commission shall render a decision on the basis of a majority vote of its members, same being seven members thereof, and said decision shall constitute the official position of the Nebraska Professional Practices Commission.

"(ii) The ruling of the Commission may be one of the following:

"1. That no action against the Respondent is warranted.

"2. The Respondent should be privately warned and reprimanded by the Commission.

"3. That a recommendation be made to the State Board of Education that the certificate of the Respondent be suspended or revoked.

"4. Any other ruling within the Commission's statutory authority."

Section 79-1283 has never been construed by this court, and neither Bruckner nor the plaintiffs have cited any authority from any other jurisdiction construing a similar statute. We must, therefore, determine the question by examining the statute in the light of the following principle: "The right of appeal in this state is clearly statutory and unless the statute provides for an appeal from the decision of a quasi-judicial tribunal, such right does not exist." *Gretna Public School v. State Board of Education*, 201 Neb. 769, 772, 272 N.W.2d 268, 269 (1978).

Section 79-1283, after providing the board may request the commission to make investigations, hold hearings, and make recommendations in response to

alleged violations of the standards of professional ethics and practices, then makes a special provision with reference to recommendations. In effect, it provides that recommendations become part of the record of the board only in case of revocation or suspension of a certificate, or reinstatement of a revoked or suspended certificate. (Only the board, not the commission, may revoke certificates. Neb. Rev. Stat. § 79-1234 (Reissue 1976).) Section 79-1283 then authorizes the commission to privately admonish, warn, and reprimand the teaching profession for violation of the standards. The statute makes no provision for any appeal from an order of reprimand or admonition to any court. Under rule 1-(8)(c), earlier quoted, the commission has four alternatives, one being a recommendation to the board that the certificate be suspended or revoked. Another alternative is a finding that no action is warranted, and another: "Any other ruling within the Commission's statutory authority."

The statutes do not seem to contemplate that the board act in any case other than license revocation or suspension. In such cases the issue does not reach the board by way of appeal from the commission but, rather, upon its recommendation after the matter has been referred to the commission.

Bruckner argues that the commission had no right to dismiss the complaint because no such power is given by statute. It must be admitted that the statute is somewhat vague, but it clearly seems to contemplate that when the commission reprimands or admonishes, the complaint is at an end as far as the board is concerned. The record indicates the board has interpreted and applied the statute in this manner. However, we note in this case the board notified Bruckner after he filed the notice of appeal and request for hearing before the board that it would hear the complaint, and did set a date for such hearing.

Because the statute gives the commission power to admonish and reprimand without action before the

board, we hold that under the provisions of § 79-1283 it also has the power to take the lesser action of dismissal of the complaint. We further hold that there is no authority for any person to appeal to the board from such order of dismissal.

We affirm the holding of the District Court in the foregoing respects.

We have noted that the District Court found Bruckner had a right of review of the commission dismissal in the appropriate District Court. This finding went beyond any issue made by the pleadings. It is dicta. We do not approve or affirm that portion of the court's judgment. That specific issue would be determined in an appropriate proceeding not before us here. We have grave doubt that Bruckner is an aggrieved party within the meaning of § 84-917. Nothing in the record or in Bruckner's pleadings shows or alleges specifically any legal right, duty, or privilege of Bruckner's which was "required by law or constitutional right to be determined after an agency hearing." Neb. Rev. Stat. § 84-901 (Reissue 1976).

AFFIRMED.

KRIVOSHA, C.J., MCCOWN, and WHITE, JJ., concur in the result.