STATE OF NEBRASKA EX REL. KIZZIER CHEVROLET COMPANY, INC., OF SCOTTSBLUFF, NEBRASKA, ET AL., APPELLEES, V. GENERAL MOTORS CORPORATION, OLDSMOBILE DIVISION, ET AL., APPELLANTS.

319 N.W.2d 735

Filed May 21, 1982. No. 44094.

Stephen H. Nelsen and Douglas F. Duchek of Cline, Williams, Wright, Johnson & Oldfather, and Otis M. Smith and Wendell R. Tucker, for appellant GMC.

Paul E. Hofmeister of Van Steenberg, Brower, Chaloupka, Mullin & Holyoke, for appellant Dalton.

Wright & Simmons, for appellees.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

WHITE, J.

This is a related case to *S & T Motors v. General Motors Corp.,* 203 Neb. 188, 277 N.W.2d 701 (1979), in which this court reversed an order of the District Court which held that General Motors Corporation had rightfully terminated S & T Motors' franchise to sell Oldsmobile automobiles in Scottsbluff, Nebraska.

A brief recitation of the facts is necessary. The initial determination of the District Court from which the successful appeal resulted was made on February 28, 1978. Our opinion was filed on April 24, 1979. The decree of the District Court was not superseded. On March 6, 1978, after this court acquired jurisdiction, General Motors Corporation entered into a dealer sales and service agreement for Oldsmobile motor vehicles with James Dalton, doing business as Dalton Buick-Oldsmobile, of Scottsbluff, Nebraska.

Kizzier Chevrolet Company, Inc., the purchaser of S & T Motors and a party to the previous action, on November 26, 1979, filed an "Application" before the Motor Vehicle Industry Licensing Board reciting the above facts and requesting the board to "issue an Order to General Motors Corporation to terminate supplying Oldsmobile motor vehicles . . . to Dalton Buick-Oldsmobile, and to Dalton Buick-Oldsmobile to cease acting as an Oldsmobile motor vehicle dealership . . . until there is compliance with Section 60-1424, R.R.S. 1943 . . . ."

Neb. Rev. Stat. § 60-1424 (Reissue 1978) states: "If a franchisor seeks to terminate or not continue any franchise, or seeks to enter into a franchise establishing an additional motor vehicle, combination motor vehicle and trailer, motorcycle or trailer dealer-

ship of the same line-make, the franchisor shall file an application with the board for permission to terminate or not continue the franchise, or for permission to enter into a franchise for additional representation of the same line-make in that community.''

It is the theory of appellee Kizzier Chevrolet Company that a valid franchise existed in Scottsbluff on March 6, 1978, and that the action of appellant General Motors Corporation in granting a franchise to Dalton was void.

Notice was served on all parties to that proceeding and a hearing was held on January 15, 1980. On April 3, 1980, the board entered an order finding that on March 6, 1978, no valid Oldsmobile franchise existed in Scottsbluff and that it was not necessary for General Motors Corporation to make application. Appeal from the decision of the board was had to the District Court for Lancaster County by Kizzier. The disposition of that appeal is not disclosed by the record in this case.

This action was filed on April 11, 1980, in the District Court of Scotts Bluff County. In the prayer the plaintiff asked for an order restraining General Motors Corporation from delivering Oldsmobile automobiles and products to Dalton and an order restraining James Dalton, doing business as Dalton Buick-Oldsmobile, from selling Oldsmobile automobiles and products until there was compliance with the Motor Vehicle Industry Licensing Act.

There were a number of issues raised in that proceeding, but two are of primary importance. The first was whether the action filed in the Scotts Bluff District Court was a collateral attack on an adverse decision of an administrative agency, and therefore prohibited, and, second, the effect of this court's reversal of the judgment of the District Court in *S & T Motors v. General Motors Corp., supra.* Stated simply, did this court's reversal have the effect of reinstating the franchise of S & T Motors during the

period between the District Court decree and the date of our opinion, thus mandating that General Motors Corporation apply to the board and receive permission before granting a franchise to Dalton? The District Court resolved the issues in favor of Kizzier. General Motors and Dalton appeal.

We do not reach the intriguing question of the rights of third parties which accrued during the period in which a District Court judgment was rendered and its subsequent reversal by this court. Rather, we determine that the action filed in the Scotts Bluff District Court was a collateral attack on the adverse decision of an administrative agency. Accordingly, we reverse and dismiss this action.

The issues before the Motor Vehicle Industry Licensing Board and the District Court are identical. The board had jurisdiction of the subject matter and the parties. Neb. Rev. Stat. § 60-1403 (Reissue 1978) provides in part: "The board shall have full power to regulate the issuance and revocation of licenses in accordance with and subject to the provisions of this act, to perform all acts and duties provided for herein necessary to the administration and enforcement of this act, and to make and enforce rules and regulations relating to the administration of but not inconsistent with the provisions of this act. . . ."

Kizzier suggests that since the board lacked the power to enforce its own judgment, the decision is somehow void and of no effect. *Transport Workers of America v. Transit Auth. of City of Omaha,* 205 Neb. 26, 286 N.W.2d 102 (1979). Appellee's reliance on that case is misplaced. In *Transport* we determined that the statutes creating the Commission of Industrial Relations did not grant it the power to declare the rights, duties, and obligations of existing labor contracts and, further, that under Nebraska's Constitution the commission could not issue orders essentially judicial in character. As in this case, in

the event of noncompliance, the proper forum was the District Court.

It is settled law that where an administrative body acting in a quasi-judicial capacity has jurisdiction of the parties and the subject matter, its judgment is not subject to collateral attack. *Schilke v. School Dist. No. 107,* 207 Neb. 448, 299 N.W.2d 527 (1980); *Richardson v. Board of Education,* 206 Neb. 18, 290 N.W.2d 803 (1980); *Christensen v. Boss,* 179 Neb. 429, 138 N.W.2d 716 (1965).

Kizzier voluntarily submitted the identical claim here that had previously been submitted to the Motor Vehicle Industry Licensing Board. The board had jurisdiction of the cause and the parties. The board rendered its decision and Kizzier appealed. Now Kizzier seeks an independent action to collaterally attack or, more appropriately, to ignore the unfavorable decision. We will not permit it to do so.

The judgment is therefore reversed and remanded with directions to dismiss the petition.

REVERSED AND REMANDED WITH DIRECTIONS.