BENJAMIN F. FISHER, APPELLANT, V. HOUSING AUTHORITY OF THE CITY OF OMAHA ET AL., APPELLEES.

334 N.W.2d 636

Filed June 3, 1983. No. 81-911.

Ephraim L. Marks and Timothy J. Cuddigan of Marks, Clare, Hopkins, Rauth & Cuddigan, for appellant.

Steven J. Riekes of Richards, Riekes, Brown & Zabin, for appellees.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, and CAPORALE, JJ., and COLWELL, D.J., Retired.

HASTINGS, J.

This action was brought by Benjamin F. Fisher to contest the termination of his employment with the Omaha Housing Authority (OHA).

On March 18, 1981, Fisher was informed by his supervisor, James L. Hanry, that his employment with OHA was terminated, effective April 1, 1981. Fisher appealed his termination by the executive director, Hanry, and hearings on this matter were held before the board of commissioners of OHA on May 1, 26, and 27, and June 10, 1981. At the conclu-

sion of the June 10 hearing the board found this termination to be within Hanry's authority and therefore it was permissible.

Fisher again appealed, filing his first petition in the District Court of Douglas County on June 22, 1981. Defendants, OHA and others, filed a demurrer to this petition on June 23, 1981. A hearing was held on this demurrer on August 10, 1981, and on October 29, 1981, the District Court sustained defendants' demurrer. Fisher filed an amended petition, with a transcript of the hearing before the board, on November 16, 1981. In response to this amended petition defendants filed a demurrer and motion to dismiss. The District Court sustained defendants' demurrer and dismissed plaintiff's petition. After denial of plaintiff's motion for new trial, this appeal followed.

The defendants utilized two bases in support of their demurrer: that the court has no jurisdiction in this matter, and that the amended petition fails to state facts sufficient to constitute a cause of action. When a demurrer such as this has been raised, we have said: "The court must assume that the facts are as alleged, and cannot assume the existence of any facts not alleged, nor find facts in aid of the pleading, nor consider what evidence may be introduced at the trial." *Clark & Enersen, Hamersky, S., B. & T., Inc. v. Schimmel Hotels Corp.*, 194 Neb. 810, 812-13, 235 N.W.2d 870, 872 (1975). Assuming the facts as pleaded are true, we are to determine if the courts have jurisdiction in this matter and if a cause of action has been properly pleaded.

The basic facts underlying this appeal are taken from plaintiff's petition. Plaintiff worked for OHA from 1969 to 1981 and satisfactorily performed his duties. From 1973 on, plaintiff worked as modernization coordinator. Plaintiff's employment with OHA was terminated on March 18, 1981, for gross negligence in the handling of the purchase of some 428 refrigerators, 25 to 90 of which turned up missing.

Plaintiff's petition also stated these additional facts: The defendants are the OHA, its commissioners, and its executive director. The executive director terminated plaintiff, and after a hearing the board affirmed that decision. The board and the executive director were counseled by attorneys from the same firm at that hearing. The OHA has adopted various practice rules that deal with disciplinary actions and appeals taken therefrom. Finally, the defendants issued a press release which implicated plaintiff in these thefts, which release was later retracted.

On the basis of these facts plaintiff claims, in that portion of the appeal taken under Neb. Rev. Stat. § 84-917 (Reissue 1981), that he was improperly terminated; that he was damaged by the above-cited press release; that his rights were somehow prejudiced by the board and executive director having counsel from the same firm; that the board failed to operate under its own adopted procedures; and that the board violated the public meetings law, Neb. Rev. Stat. §§ 84-1408 to 84-1414 (Reissue 1981).

In a separate claim, independent of the appeal from the board's decision taken under § 84-917, plaintiff alleges he has been denied his constitutional rights under the fifth and fourteenth amendments to the U.S. Constitution and article I, § 3, of the Constitution of Nebraska.

The District Court, in a letter to the parties, stated one reason for sustaining this demurrer was because the appeal from the OHA board was improperly brought under the Administrative Procedures Act of Nebraska, in that the OHA is not a state agency. As stated previously, plaintiff appealed the decision of the OHA board under § 84-917.

We have previously held that this statute only applies to appeals taken from agencies of state government. *Harnett v. City of Omaha*, 188 Neb. 449, 197 N.W.2d 375 (1972). Whether or not this present ac-

tion was properly appealed depends upon whether the OHA is a state agency.

The establishment of housing authorities in cities, villages, and counties throughout Nebraska is provided for under the Nebraska Housing Authorities Law, Neb. Rev. Stat. §§ 71-1503, 71-1509, and 71-1518 to 71-1554 (Reissue 1981). This is enabling legislation under which the various localities may, at their option, establish a housing authority for their specific area. See § 71-1523. Also, these housing authorities only have the power to operate within their respective local political subdivision plus 10 miles in the case of cities of the metropolitan class, or 5 miles in the case of cities not in the metropolitan class and villages. See § 71-1522(6). The commissioners of the housing authorities are to be appointed by the local mayor or chairperson of the board of trustees. See § 71-1524(1). A perusal of this entire act indicates that the establishment and operation of these housing authorities is a uniquely local function which must only operate in accordance with general guidelines set forth by the state Legislature in this act. It would seem that housing authorities in Nebraska are units of local government rather than state government.

The parties have cited a number of cases from other jurisdictions on this point. We find the better reasoned and more analogous cases to Nebraska law support the proposition that the housing authorities are local entities and not state agencies. In *Riggins v. Housing Authority*, 87 Wash. 2d 97, 549 P.2d 480 (1976), the Washington Supreme Court was faced with the issue, Is the Seattle Housing Authority a state agency under the provisions of that state's administrative procedures act? The court first examined the definition of "agency" under that act, which is similar to the definition found in Neb. Rev. Stat. § 84-901(1) (Reissue 1981). Also, that court looked to the manner in which these housing authorities are created and the limit of their authority,

those being that a housing authority is only created by resolution of the local government, city or county, and only may operate within the jurisdictional limits of the local governing body plus 5 miles. This is almost identical to the Nebraska provision discussed above.

On the basis of these statutory provisions that court held: "These facts indicate that the appellant performs in a wholly local capacity, deals with local problems on a local basis, and is independent from any statewide system. We conclude, therefore, that the appellant is clearly not the type of agency the legislature intended to be included in RCW 34.04.010(1) and subject to the provisions of WAPA. [Citations omitted.]" *Id.* at 101, 549 P.2d at 483.

Similar conclusions have been reached by other authorities. See, *Housing Authority of City of Asbury Park v. Richardson,* 346 F. Supp. 1027 (D. N.J. 1972); *Fagan Electric Co., Inc. v. The Housing Authority, City of Blytheville,* 216 Ark. 932, 228 S.W.2d 39 (1950); 1 E. McQuillin, Municipal Corporations § 2.29a (3d ed. 1971).

We find this reasoning compelling and adopt it as controlling in this state. Since OHA is not a state agency, plaintiff's appeal under § 84-917 was improper.

There is no provision for appeal from the decision of the board of commissioners of a housing authority in the Nebraska Housing Authorities Law. As previously stated, the appeal procedures of the Administrative Procedures Act do not apply in this case. We have previously stated: "This court has consistently held that where no statutory right to review has been provided, proceedings in error afford the only remedy." *Simpson v. City of Grand Island,* 166 Neb. 393, 396, 89 N.W.2d 117, 120 (1958). The proper method of seeking a judicial review in cases such as this is by petition in error.

In a proceeding by petition in error the plaintiff must file in the District Court, within 1 calendar

month after rendition of the final order complained of, a petition with an authenticated transcript containing that final order. Neb. Rev. Stat. § 25-1931 (Reissue 1979); *Marcotte v. City of Omaha,* 196 Neb. 217, 241 N.W.2d 838 (1976). The failure by the plaintiff to timely file an authenticated transcript with his petition in the District Court deprives that court of jurisdiction in the matter. Neb. Rev. Stat. § 25-1905 (Reissue 1979); *Richardson v. Board of Education,* 206 Neb. 18, 290 N.W.2d 803 (1980).

In this case the board of commissioners decided on June 10, 1981, to uphold the firing of the plaintiff. Plaintiff filed his initial petition on June 22, 1981, but a transcript from the proceedings before the board was not filed with the District Court until November 16, 1981, well after the 1-month deadline had passed. We find the District Court had no jurisdiction over the appeal taken from the decision of the board of commissioners, and the sustaining of the defendants' demurrer to plaintiff's petition on the basis of no jurisdiction is affirmed.

The question remains, Does plaintiff's petition state any valid cause of action which is independent of the appeal from the decision of the board of commissioners? Plaintiff's amended petition, as stated above, raises two causes of action: one with regard to the matter before the board of commissioners, which was properly dismissed, and another which alleged the plaintiff's constitutional rights under the fifth and fourteenth amendments to the U.S. Constitution and article I, § 3, of the Constitution of Nebraska have been violated, by reason whereof the plaintiff suffered substantial monetary damage.

In stating the facts which underlie this second allegation, the plaintiff simply incorporates the facts stated under his first cause of action by reference. No new or additional facts have been pleaded. Plaintiff is simply trying to raise the same issues in an original action which he attempted to raise on direct appeal from the board of commissioners. We

find plaintiff is improperly trying to collaterally attack the decision of the board of commissioners.

In *Richardson v. Board of Education, supra,* we were faced with a similar situation. That case involved an order by the State Board of Education which required the school district to pay for the high school education of Richardson's children at a South Dakota high school. No appeal was taken from that order. Richardson filed an action in the District Court of Keya Paha County to enforce this order. In its answer and defense the school district attempted to attack the validity of the state board's decision.

Discussing the merits of such a defense, we stated: "It is clear that the School District took no steps to prosecute an appeal of any nature within 30 days of entry of the State Board's order, as required by Neb. Rev. Stat. §§ 25-1931 (Reissue 1975) and 84-917(2) (Reissue 1976). Rather, it attempted to collaterally attack an order of the State Board which had long before become final. 'A collateral attack upon a judgment will not lie unless the judgment is absolutely void. Where the court has jurisdiction of the parties and the subject matter, its judgment is not subject to collateral attack because the judgment is only voidable and not void.' *State ex rel. Casselman v. Macken,* 194 Neb. 806, 809, 235 N.W.2d 867, 869 (1975). 'The rule against collateral impeachment of judicial decisions applies to the determinations of state and county officers or boards of officers, who, although not constituting a court, are called on to act judicially in matters of administration . . . .' 49 C.J.S. *Judgments* § 407d at 804 (1947). See, also, *City of Phoenix v. Wright,* 61 Ariz. 458, 150 P.2d 93 (1944)." *Id.* at 25-26, 290 N.W.2d at 808-09.

Plaintiff here tries to raise in a collateral action the same issues decided by the board. The same facts and issues of denial of due process are raised. The judgment of the board cannot be said to be void, as this matter was properly brought before it under article XXI of the personnel procedures of OHA. No

proper direct appeal has been taken from the decision of the board. To allow this second cause of action to stand would be to allow the collateral attack of a board's decision, which, under our decision in *Richardson*, is impermissible. As a collateral attack, this allegation is not a proper cause of action.

We find the sustaining of defendants' demurrer to plaintiff's petition for failure to state a cause of action was proper. The District Court correctly dismissed plaintiff's petition, and its judgment is affirmed.

AFFIRMED.