IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

JACOB V. NEBRASKA DEPT. OF CORR. SERVS.

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STEVEN M. JACOB, APPELLANT,
V.
NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES
AND ROBERT HOUSTON, DIRECTOR, APPELLEES.

Filed July 23, 2013.    No. A-12-982.

Appeal from the District Court for Lancaster County: ANDREW R. JACOBSEN, Judge. Affirmed in part, and in part reversed and remanded for further proceedings.

Steven M. Jacob, pro se.

No appearance for appellees.

PIRTLE and RIEDMANN, Judges, and MULLEN, District Judge, Retired.

RIEDMANN, Judge.

INTRODUCTION

Steven M. Jacob appeals from the order of the district court for Lancaster County denying his motion to proceed in forma pauperis based on a finding that his petition is frivolous. On appeal, Jacob argues that contrary to the trial court's order, his action was not filed on behalf of another inmate and was not an attempt to elicit an opinion regarding someone else's conduct. We note that the appellees did not submit a brief on appeal.

We disagree with the trial court's determination that Jacob's action was filed on behalf of another inmate. However, upon our de novo review, we find that Jacob's complaint, insofar as he requests appellate review of the agency decision, is frivolous because it does not arise out of a contested case. To the contrary, we find his request for a declaratory judgment as to his rights under Neb. Rev. Stat. §§ 84-912.01 and 83-173 (Reissue 2008), while perhaps meritless, is not frivolous. We therefore affirm in part, and in part reverse and remand for further proceedings.

- 1 -

BACKGROUND

Jacob is an inmate at the Nebraska State Penitentiary. In June 2012, he witnessed another inmate, Russell Pittman, being ordered to leave the law library for engaging in the unauthorized practice of law. Pittman received a misconduct report in connection with the incident. In response to that incident, Jacob initiated an informal grievance proceeding with the Nebraska Department of Correctional Services (DCS) requesting a declaratory order interpreting DCS' rules regarding conduct in the law library and the unauthorized practice of law. Specifically, Jacob asked for responses to the following hypothetical situations:

(1) If I am in the law library and an inmate asks me about a point of law and I tell them of a case that decides or controls that point of law, have I violated [DCS'] rules, regulations, or orders? If I write the citation down on a piece of paper and give that to the other inmate, have I violated [DCS'] rules, regulations, or orders?

(2) If I am in the law library and another inmate there shows me their proposed postconviction filing and asks my advice on it, is providing my opinion (verbally or in writing) a violation of [DCS'] rules, regulations, or orders? If that inmate shows me their factual allegations and asks me to rewrite them if needed, am I in violation of [DCS'] rules, regulations, or orders if I (a) [tell] them how to rewrite their factual allegations, or (b) [rewrite] their factual allegations and give that to the inmate?

Dissatisfied with the responses he received from the warden, Jacob appealed to DCS' director and chief executive officer, asking for responses to the same scenarios.

Still not satisfied with the responses he received, Jacob filed an action in the district court for Lancaster County entitled "Petition for Review of Administrative Order and Declaratory Judgment." Jacob's petition requested that the court order DCS and its director to remove all references to or reliance upon the unauthorized practice of law from DCS' rules, regulations, and orders involving the inmate law libraries and order DCS' employees to refrain from threatening, intimidating, or interfering with inmates being assisted or assisting other inmates in inmate law libraries. In addition, Jacob requested a declaratory judgment pursuant to the Uniform Declaratory Judgments Act, Neb. Rev. Stat. § 25-21,149 et seq. (Reissue 2008), stating his right under § 84-912.01(2) to rules providing the procedure when seeking a declaratory order from DCS and his right under § 83-173 to require DCS' director to perform his duties without violating inmates' rights under the law. With his petition, Jacob submitted a request to proceed in forma pauperis along with a financial affidavit.

The district court concluded that Jacob was filing the action on behalf of Pittman and seeking to have the court require DCS to provide advisory opinions regarding the misconduct report received by Pittman. The court therefore found that the petition was frivolous and denied the motion to proceed in forma pauperis. Jacob filed a motion to alter or amend, which the district court denied. Jacob timely appeals.

ASSIGNMENT OF ERROR

Jacob's sole assignment of error is that the district court erred in finding the complaint was filed on behalf of another inmate and was therefore frivolous.

STANDARD OF REVIEW

An appellate court shall review the decision denying in forma pauperis eligibility de novo on the record based on the transcript of the hearing or the written statement of the court. *Tyler v. Natvig*, 17 Neb. App. 358, 762 N.W.2d 621 (2009).

ANALYSIS

Jacob argues the district court erred in finding that his petition was frivolous and denying his motion to proceed in forma pauperis. In forma pauperis applications are governed by Neb. Rev. Stat. § 25-2301.02 (Reissue 2008). Except in cases where the denial of in forma pauperis status would deny a defendant his or her constitutional right to appeal in a felony case, § 25-2301.02(1) allows the court to deny in forma pauperis status on the basis that the legal positions asserted by the applicant are frivolous or malicious. *Peterson v. Houston*, 284 Neb. 861, 824 N.W.2d 26 (2012). A frivolous legal position is one wholly without merit, that is, without rational argument based on the law or on the evidence. *Tyler v. Nebraska Dept. of Corr. Servs.*, 13 Neb. App. 795, 701 N.W.2d 847 (2005).

Jacob filed an action in the district court seeking a review of DCS' administrative order under § 84-912.01 and seeking a declaratory judgment from the district court pursuant to § 25-21,149 et seq. We will address each in turn.

*Review of DCS' Administrative Order.*

Jacob sought review from the district court of DCS' administrative order which responded to his hypothetical situations, claiming that DCS' responses unlawfully prevented inmates from being assisted by other inmates in legal matters. The right of appeal in this state is statutory and does not exist unless provided for by statute. *Gretna Public School v. State Board of Education*, 201 Neb. 769, 272 N.W.2d 268 (1978).

For an agency decision to be reviewable by the district court, there must be a final decision in a contested case. Neb. Rev. Stat. § 84-917 (Cum. Supp. 2012). Jacob appears to recognize the need for a contested case in order to secure appellate review, because he refers to his agency request for declaratory relief as a "contested case" in his petition. However, a contested case is defined as "a proceeding before an agency in which the legal rights, duties, or privileges of specific parties are required by law or constitutional right to be determined after an agency hearing." Neb. Rev. Stat. § 84-901(3) (Reissue 2008). Since no agency hearing was requested or required, DCS' administrative order was not the result of a contested case over which the district court should have exercised jurisdiction. Therefore, an appeal of that portion of the district court's order was wholly without merit and, thus, frivolous. The trial court did not err in denying in forma pauperis status to Jacob as to his appeal of the administrative order.

Although Jacob references § 84-912.01 as a basis for his request for review of the administrative order, § 84-912.01 governs an individual's right to seek a declaratory order from an agency and an agency's responsibility to respond. It does not authorize appellate review of such a decision. To the contrary, Neb. Rev. Stat. § 84-911 (Reissue 2008) authorizes an individual to seek a declaratory judgment regarding an agency rule or regulation directly from the district court of Lancaster County "whether or not the petitioner has first requested the agency to pass upon the validity of the rule or regulation in question." As stated by the Nebraska

Supreme Court, a proceeding to obtain a declaratory ruling from an agency is not a contested case, and therefore not subject to appellate review. *Richardson v. Board of Education*, 206 Neb. 18, 290 N.W.2d 803 (1980). See, also, *Gretna Public School v. State Board of Education*, 201 Neb. at 770, 272 N.W.2d at 268 (discussing application of "section 84-912, R. R. S.," which has since been substantially recodified at § 84-912.01).

*Declaratory Judgment Under § 25-21,149 et seq.*

Jacob sought a declaratory judgment pursuant to the Uniform Declaratory Judgments Act, § 25-21,149 et seq., to determine his rights under § 84-912.01(2) to DCS' rules and regulations governing a request for a declaratory order. He also sought a declaration that § 83-173 entitled him to require DCS to establish and administer policies and programs that did not violate his rights.

Section 25-21,150 sets forth who may request a declaratory judgment under the act. It states:

> Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a *statute, municipal ordinance,* contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder.

(Emphasis supplied.)

The relief Jacob seeks under the Uniform Declaratory Judgments Act is a statement of his rights under §§ 84-912.01 and 83-173. Insomuch as the Uniform Declaratory Judgments Act allows such a remedy, his petition is not frivolous. While Jacob's claim may ultimately prove meritless, the district court erred in finding that his petition was frivolous on its face.

It is clear from the pleadings that it was the controversy between Pittman and DCS that prompted Jacob's action, and it was upon this basis that the district court denied Jacob in forma pauperis status. We agree with the district court that the portion of Jacob's petition seeking appellate review of DCS' administrative order is wholly without merit and, therefore, frivolous, albeit for a different reason than that articulated by the lower court. We therefore affirm that portion of the court's order. However, we find that the portion of Jacob's petition seeking a declaration of his rights under §§ 84-912.01 and 83-173 is not frivolous and reverse that portion of the district court's order.

CONCLUSION

For the reasons stated above, we affirm the judgment of the district court in part, and in part reverse and remand for further proceedings.

AFFIRMED IN PART, AND IN PART REVERSED AND
REMANDED FOR FURTHER PROCEEDINGS.