GERARD A. MARCOTTE, APPELLANT, v. CITY OF OMAHA, A METROPOLITAN CITY, ET AL., APPELLEES.
241 N. W. 2d 838

Filed May 19, 1976. No. 40454.

Thomas A. Otepka of Gross, Welch, Vinardi, Kauffman & Day, for appellant.

Herbert M. Fitle and James E. Fellows, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

CLINTON, J.

This action by the plaintiff Marcotte, an employee of the City of Omaha, originated before the personnel board of the City of Omaha, where Marcotte challenged his suspension and pending dismissal by the city's forestry division. After an adverse decision by the personnel board, Marcotte sought review by the District Court for Douglas County by petition in error under the provisions of section 25-1901, R. S. Supp., 1974, and sections 25-1903, 25-1905, and 25-1931, R. R. S. 1943. The appellee City of Omaha demurred and the petition in error was dismissed as being untimely filed. The basis of the dismissal was that the petition in error was not filed "within one calendar month after the rendition of the judgment or making of the final order complained of" as required by section 25-1931, R. R. S. 1943. The question on appeal here is whether the action of the District Court was correct. Unless overruled by us in this case, our opinion in Brown v. City of Omaha, 179 Neb. 224, 137 N. W. 2d 814, controls and requires affirmance.

In Brown v. City of Omaha, *supra,* in a situation virtually identical to the factual situation here presented, we held that a judgment or order is "rendered" by an inferior tribunal within the meaning of section 25-1931, R. R. S. 1943, when the decision is announced upon the law and the facts, and that the transmittal of the order to the parties is not an integral part of the judicial act.

The pertinent facts in this case are: (1) On January 30, 1975, the personnel board held its hearing and, in the presence of Marcotte and his attorney, orally an-

nounced its decision. (2) On February 10 or 11, 1975, the personnel board reduced its order to writing. (3) On March 7, 1975, Marcotte filed his petition in error in the District Court, accompanied by certified copies of papers showing the lodging of the appeal by Marcotte with the personnel board and of the order of the personnel board.

As noted, section 25-1931, R. R. S. 1943, requires that the petition in error be filed in the District Court within 1 calendar month from the rendition of judgment or making of the final order complained of. Section 25-1905, R. R. S. 1943, requires the plaintiff in error to file with his petition a transcript of the proceedings containing the final judgment or order sought to be reversed, vacated, or modified. This latter filing had been held numerous times by this court to be jurisdictional unless excused for some reason.

Marcotte requests that we overrule Brown v. City of Omaha, *supra,* and advances two arguments for his position: First, that a section 25-1931, R. R. S. 1943, error proceeding should be treated in the same manner as appeals from the District Court to this court under section 25-1912, R. R. S. 1943. For the purposes of the latter appeal we have held that a judgment is "rendered" when it is entered on the trial docket. See, § 25-1301, R. R. S. 1943; Fritch v. Fritch, 191 Neb. 29, 213 N. W. 2d 445. Second, that since a transcript is jurisdictional in error proceedings (see § 25-1905, R. R. S. 1943; Schmitt v. City of Omaha, 191 Neb. 608, 217 N. W. 2d 86), the court should apply a rule developed in earlier case law to the effect that where the filing of a transcript with the petition in error is jurisdictional a judgment is not rendered until it is entered on the record. Bickel v. Dutcher, 35 Neb. 761, 53 N. W. 663.

The second argument would be persuasive were this a matter of first impression. Several considerations argue against changing the determination made by Brown v. City of Omaha, *supra.* First, certainty and

stability in procedure are desirable, at least so far as jurisdictional requirements are concerned. Second, section 25-1301 (2), R. R. S. 1943, upon which Marcotte relies, pertains literally only to courts and not to administrative tribunals exercising judicial powers. Third, while the requirement of section 25-1905, R. R. S. 1943, requiring that "a transcript of the proceedings containing the final judgment or order" be filed with the petition in error is jurisdictional, the inability of a petitioner in error, who has timely filed his petition to obtain and file the transcript, occasioned solely by the failure of the public official charged with responsibility for furnishing the transcript to perform his public duty, does not defeat the jurisdiction of the appellate court. Republican Valley R.R. Co. v. McPherson, 12 Neb. 480, 11 N. W. 739; National Supply Co. v. Chicago & N. W. Ry. Co., 108 Neb. 326, 187 N. W. 917; Larson v. Wegner, 120 Neb. 449, 233 N. W. 253 (deciding when filing of transcript on appeal from the District Court to the Supreme Court was a jurisdictional requirement); Harte v. Gallagher, 186 Neb. 141, 181 N. W. 2d 251.

The record here suggests no reason which would excuse the failure of the timely filing of the petition in error, nor indeed the timely filing of a transcript containing the order appealed from. The parties concede that the order of the personnel board was reduced to writing on February 10 or 11, 1975. No reason appears in the record indicating that a certified copy was then unobtainable. The record does suggest that on February 20, 1975, counsel for Marcotte requested from the personnel board a "transcript of the hearing" and was advised that a "transcript of the testimony" would not be available until April or May 1975. The record does not show a specific request for a certified copy of the order of the personnel board at that time or any other time previous to the expiration of the 1 month period, nor that if such a request had been made the certified transcript could not have been obtained.

It is the filing of the certified copy of the judgment or order which is jurisdictional. National Supply Co. v. Chicago & N. W. Ry. Co., *supra;* Casler v. Nordgren, 55 Neb. 669, 76 N. W. 524 (decided when filing of a transcript on appeal from the District Court to the Supreme Court was jurisdictional); McDonald v. Rentfrow, 171 Neb. 479, 106 N. W. 2d 682; From v. Sutton, 156 Neb. 411, 56 N. W. 2d 441; Lanc v. Douglas County Welfare Administration, 189 Neb. 651, 204 N. W. 2d 387. If the certified copy includes the judgment, jurisdiction is conferred on the appellate court and the transcript may be later supplemented. National Supply Co. v. Chicago & N. W. Ry. Co., *supra.* The filing of a bill of exceptions containing the evidence, as distinguished from the transcript, is not jurisdictional, but offering of a bill of exceptions is necessary at some point if the appellate court is to consider errors which require a review of the evidence that was received by the tribunal from which the appeal is taken. Dovel v. School Dist. No. 23, 166 Neb. 548, 90 N. W. 2d 58; Dlouhy v. City of Fremont, 175 Neb. 115, 120 N. W. 2d 590. Although the pertinent syllabus in the latter case is somewhat ambiguous, a reading of the body of the opinion clearly indicates that the court was not saying that the filing of a certified copy of the bill of exceptions with the petition in error was jurisdictional.

Having failed to file his petition in error and certified copy of the transcript containing the judgment within 1 month from the date of the order complained of, appellant failed to meet the jurisdictional requirements of section 25-1931, R. R. S. 1943, and the District Court acquired no jurisdiction. The order of the District Court dismissing the appellant's petition in error was correct.

AFFIRMED.