JAMES CLARK, APPELLANT, V. CHARLES CORNWELL, ADULT
PAROLE ADMINISTRATOR, ET AL., APPELLEES.
388 N.W.2d 848
Filed June 20, 1986.   No. 85-970.

Robert B. Creager of Berry, Anderson, Creager & Wittstruck, for appellant.

Robert M. Spire, Attorney General, and Linda L. Willard, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

SHANAHAN, J.

James Clark appeals the dismissal of his petition in error in the district court for Lancaster County as the result of Clark's failure to file a transcript, Neb. Rev. Stat. § 25-1905 (Reissue 1985), within 1 calendar month after the order, Neb. Rev. Stat. § 25-1931 (Reissue 1985), rendered by the Board of Parole.

After receiving testimony in proceedings held on April 1, 1985, which had been attended by Clark and his lawyer, the Board of Parole, by unanimous vote, revoked Clark's parole and ordered Clark's reincarceration to serve the balance of his sentence with "forfeiture of good time." On April 2 the chairman of the Board of Parole sent a letter, which Clark received, giving written notice of the board's action in revoking Clark's parole and indicating that Clark's case would be reviewed in April 1986. In his letter of April 26 to the parole administration, Clark's lawyer, after acknowledging that he had attended Clark's hearing on April 1, requested "a copy of the transcript of that proceeding as soon as possible." Clark, pro se on May 1, filed his petition in error, designating Charles

Cornwell, adult parole administrator, and the Board of Parole as respondents and alleging deprivation of Clark's constitutional rights at the revocation hearing. Attached and incorporated into Clark's petition in error was a photostatic copy of the April 2 letter from the chairman of the Board of Parole regarding the April 1 hearing and revocation of Clark's parole. Although the certificate signed by the transcriber for the parole board attested on April 29 that she had prepared an accurate transcript of Clark's hearing on April 1, the chairman of the parole board, in his May 2 letter to Clark's lawyer, stated "[t]he transcript of Mr. Clark's hearing on April 1, 1985, is in the process of being typed" and that, upon completion of the transcript and payment of the costs, the transcript would be mailed to Clark's lawyer. A certified transcript of testimony given at Clark's April 1 hearing was provided to Clark, who acknowledged receipt "on or about May 23," although the records manager of the Board of Parole certified the transcript of testimony on May 28, 1985.

On June 14 Charles Cornwell and the Board of Parole filed their motion to dismiss, alleging that Clark had not filed a transcript within the prescribed statutory time. Clark, by written motion filed on July 22, asked leave to file an amended petition in error and attached to his motion a copy of the proposed amended petition to which Clark had appended, without certification, copies of correspondence involving Clark, his lawyer, and the parole administration and a certified transcription of testimony at the April 1 hearing regarding revocation of Clark's parole. Later, the district court sustained the respondents' motion to dismiss and also held that Clark's motion to amend his petition "is overruled for the reason that it does not appear that the jurisdictional defect of failing to file [an] authenticated transcript can be cured by filing [the] amended petition."

Clark claims two errors were committed by the district court. First, the district court erred in deciding that a transcript was jurisdictional. Second, it was error to deny leave to amend Clark's petition. A third error, although alleged, is not argued and, therefore, will not be considered. See Neb. Ct. R. of Prac. 9D(1)d (rev. 1983).

We conclude that the district court judgment must be affirmed in view of our holding in *Marcotte v. City of Omaha*, 196 Neb. 217, 241 N.W.2d 838 (1976). In *Marcotte*, on January 30, 1975, the personnel board of the city of Omaha held its hearing and, in the presence of Marcotte and his attorney, orally announced its decision; on February 10 or 11 the personnel board reduced its order to writing; and on March 7 Marcotte filed his petition in error in the district court, accompanied by certified copies of papers showing the order of the personnel board. In disposing of *Marcotte* on a jurisdictional basis, we held:

> [W]hile the requirement of section 25-1905, R.R.S. 1943, requiring that "a transcript of the proceedings containing the final judgment or order" be filed with the petition in error is jurisdictional, the inability of a petitioner in error, who has timely filed his petition to obtain and file the transcript, occasioned solely by the failure of the public official charged with responsibility for furnishing the transcript to perform his public duty, does not defeat the jurisdiction of the appellate court. [Citations omitted.]

> The record here suggests no reason which would excuse the failure of the timely filing of the petition in error, nor indeed the timely filing of a transcript containing the order appealed from. The parties concede that the order of the personnel board was reduced to writing on February 10 or 11, 1975. No reason appears in the record indicating that a certified copy was then unobtainable. The record does suggest that on February 20, 1975, counsel for Marcotte requested from the personnel board a "transcript of the hearing" and was advised that a "transcript of the testimony" would not be available until April or May 1975. The record does not show a specific request for a certified copy of the order of the personnel board at that time or any other time previous to the expiration of the 1 month period, nor that if such a request had been made the certified transcript could not have been obtained.

> It is the filing of the certified copy of the judgment or order which is jurisdictional. [Citations omitted.] If the certified copy includes the judgment, jurisdiction is

conferred on the appellate court and the transcript may be later supplemented. [Citation omitted.] . . .

Having failed to file his petition in error and certified copy of the transcript containing the judgment within 1 month from the date of the order complained of, appellant failed to meet the jurisdictional requirements of section 25-1931, R.R.S. 1943, and the District Court acquired no jurisdiction. The order of the District Court dismissing the appellant's petition in error was correct.

*Id.* at 220-21, 241 N.W.2d at 840-41.

As was the case in *Marcotte v. City of Omaha, supra*, Clark requested a transcript of the proceedings held on April 1, 1985, and did not request a certified transcript containing the final order of the Board of Parole revoking Clark's parole. The photostatic copy of the letter from the chairman of the Board of Parole to Clark on April 2, 1985, did not constitute a proper transcript for the purpose of § 25-1905. Cf. *Moell v. Mennonite Deaconess Home & Hosp.*, 221 Neb. 168, 170, 375 N.W.2d 618, 620 (1985), where we held that documents, unauthenticated and appended to a petition in error, "do not in any sense constitute a transcript." As required by § 25-1905, to confer jurisdiction on a district court for proceedings in error, a proper transcript must be filed with the district court within 1 calendar month after rendition of a final judgment or order to be reviewed. See § 25-1931. Clark failed to file a proper transcript containing the final order of the Board of Parole. Consequently, the district court never acquired jurisdiction to take any action on or hear Clark's petition in error.

As this court held in *Glup v. City of Omaha*, 222 Neb. 355, 359, 383 N.W.2d 773, 777 (1986): "If the district court lacked power to entertain the proceedings and decide the question raised by such action, this court is equally without power to review the final judgment or order which is the subject matter of the action brought to the district court."

Since the district court did not acquire jurisdiction, we need not consider Clark's second assigned error regarding the district court's refusal to allow Clark to amend his petition in error.

AFFIRMED.