RONALD E. SORENSEN, COMMISSIONER OF LABOR, STATE OF
NEBRASKA, APPELLANT, V. CAROL BERNHARDT ET AL., APPELLEES.

389 N.W.2d 583

Filed July 3, 1986.   No. 86-128.

Jerry D. Slominski, for appellant.

Steven C. Smith of Van Steenberg, Brower, Chaloupka, Mullin & Holyoke, for appellee Bernhardt.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

The Commissioner of Labor has appealed from the order of the district court sustaining the motion of the defendant Carol Bernhardt for a summary judgment and dismissing the petition for review filed by the commissioner.

The case arose out of a dispute as to whether a disqualification for unemployment benefits should be assessed against Bernhardt because she allegedly left her employment with the defendant school district No. 42 of Box Butte County without good cause. On March 19, 1985, a claims deputy determined that a disqualification for benefits should be assessed under Neb. Rev. Stat. § 48-628(a)(1) (Reissue 1984).

Upon an appeal by Bernhardt, the Nebraska Appeal Tribunal, on September 12, 1985, reversed the finding of the claims deputy and removed the disqualification for benefits.

On October 4, 1985, the commissioner filed his petition for review in the district court. Neb. Rev. Stat. § 48-638 (Reissue 1984) provides in part that "[w]ith his answer or petition, the commissioner shall certify and file with the court a certified copy of the records of the case, including all documents and

papers and a transcript of all testimony taken in the matter, together with the appeal tribunal's findings, conclusions, and decisions therein." The trial court held that this provision of the statute was mandatory and jurisdictional and that the petition should be dismissed because "a certified copy of the records, etc., as required by Section 48-638 was not timely filed." The commissioner has now appealed to this court.

Section 48-638 requires that the petition for review be filed within 30 days after the decision of the appeal tribunal has become final. The petition was filed within the statutory period, but the record shows that a certified copy of the records of the case and a transcript of all testimony, the findings, conclusions, and decisions rendered in the case were not filed until sometime after December 12, 1985.

The appellee contends that a rule similar to that applicable to proceedings in error should apply in this case. The transcript required under Neb. Rev. Stat. § 25-1905 (Reissue 1985) is jurisdictional and must be filed within the time provided by the statute in an error proceeding. *Glup v. City of Omaha*, 222 Neb. 355, 383 N.W.2d 773 (1986).

Unlike the requirement in an error proceeding, which is applicable to any party filing a petition in error, the requirement in § 48-638 applies only to the commissioner and cannot be jurisdictional unless it is the commissioner who has filed the petition for review.

A further distinction exists in that the review in the district court is de novo and the statute permits the introduction of additional evidence in the review proceeding. Neb. Rev. Stat. § 48-639 (Reissue 1984).

We believe that a rule similar to that which applies in proceedings under the Administrative Procedures Act should be applicable here. In *Maurer v. Weaver*, 213 Neb. 157, 328 N.W.2d 747 (1982), we held that the transcript which Neb. Rev. Stat. § 84-917(4) (Reissue 1981) requires the agency to file, although critical to the ultimate disposition of the case, was not jurisdictional in an appeal under the Administrative Procedures Act.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.