TRANSCON LINES, INC., APPELLANT, V. LAWRENCE D. O'NEAL, APPELLEE.

429 N.W.2d 718

Filed September 30, 1988.   No. 87-093.

William R. Johnson, of Kennedy, Holland, DeLacy & Svoboda, for appellant.

Clyde A. Christian for appellee.

BOSLAUGH, WHITE, and SHANAHAN, JJ., and HOWARD, D.J., and COLWELL, D.J., Retired.

WHITE, J.

Transcon Lines, Inc., appeals the order of the district court for Douglas County dismissing Transcon Lines' appeal from the final order of the Nebraska Equal Opportunity Commission (NEOC) finding Transcon Lines in violation of Neb. Rev. Stat. § 48-1104(1) and (2) (Reissue 1984) of the Nebraska Fair Employment Practice Act.

The facts in this action are not in dispute. This case arose out of an action by Lawrence D. O'Neal against his former employer, Transcon Lines, seeking reinstatement and backpay. O'Neal alleged he was terminated from employment based on disability, in violation of § 48-1104. The NEOC, in a final order dated October 10, 1986, found that Transcon had discriminated against O'Neal due to physical disability, in violation of § 48-1104. The NEOC awarded backpay and reinstatement.

On November 10, 1986, Transcon filed a petition for review in the district court for Douglas County, Nebraska, pursuant to Neb. Rev. Stat. § 48-1120 (Reissue 1984) of the Nebraska Fair Employment Practice Act. Transcon did not file a certified copy of the transcript of the record until November 19, 9 days after the 30-day period for appeal had passed. On November 14, O'Neal filed his motion to dismiss Transcon's petition for review on the ground that the district court lacked jurisdiction over the subject matter of the appeal because Transcon failed to file a certified copy of the transcript of proceedings before the NEOC within 30 days of the NEOC's final order.

After a hearing, the lower court entered an order sustaining O'Neal's motion to dismiss and dismissing Transcon's petition for review. The lower court held that because Transcon had not filed a certified copy of the transcript of record within the

30-day appeal period, Transcon "failed to substantially comply with the jurisdictional requirements contained in RRS 48-1120, 1943." Transcon appeals the district court's dismissal.

Whether § 48-1120 requires a certified copy of the transcript of record to be filed within the 30-day appeal period in order for the court to have jurisdiction over the appeal is a question of first impression. Section 48-1120 provides in relevant part:

(1) Any party to a proceeding before the commission aggrieved by such decision and order and directly affected thereby may institute proceedings in the district court . . . *Provided*, that the time for appeal from such order of the commission to the district court shall be limited to thirty days from the date of the entry of the order to which complaint is made . . . .

(2) Such proceeding shall be initiated by the filing of a petition in such court, together with a transcript of the record upon the hearing before the commission and the service of a copy of such petition upon the commission and upon all parties who appeared at the hearing. Thereupon the court shall have jurisdiction of the proceeding and of the question determined therein.

While this court has not yet determined whether the filing of a certified copy of the transcript of proceedings before the NEOC is jurisdictional, the court has addressed the jurisdictional issue in the context of other statutes which require the aggrieved party to file a petition for review in the district court.

This court has repeatedly held that Neb. Rev. Stat. §§ 25-1905 and 25-1931 (Reissue 1985) require the transcript of proceedings to be filed with the petition for review to confer jurisdiction on the district court. See, *Clark v. Cornwell*, 223 Neb. 282, 388 N.W.2d 848 (1986); *Glup v. City of Omaha*, 222 Neb. 355, 383 N.W.2d 773 (1986); *Fisher v. Housing Auth. of City of Omaha*, 214 Neb. 499, 334 N.W.2d 636 (1983); *Marcotte v. City of Omaha*, 196 Neb. 217, 241 N.W.2d 838 (1976); *Lanc v. Douglas County Welfare Administration*, 189 Neb. 651, 204 N.W.2d 387 (1973); *Anania v. City of Omaha*, 170 Neb. 160, 102 N.W.2d 49 (1960). Timely filing of both items is mandatory to confer jurisdiction on a court asked to review a final

judgment or order. Neb. Rev. Stat. §§ 25-1901 et seq. (Reissue 1985), governing review of lower tribunal decisions, including decisions of administrative bodies, provide that proceedings "be commenced . . . within one calendar month after the rendition of the judgment or making of the final order complained of . . . ." § 25-1931. In addition, the plaintiff in error is required to "file with his petition a transcript of the proceedings containing the final judgment or order sought to be reversed, vacated or modified." § 25-1905.

In addition to concluding that the filing of a certified copy of the transcript is mandatory and jurisdictional under § 25-1905, this court recently established that the filing of the transcript of proceedings relating to the refusal to issue or cancel a driver's license is jurisdictional in proceedings under Neb. Rev. Stat. § 60-420 (Reissue 1984). In *Ernest v. Jensen*, 226 Neb. 759, 415 N.W.2d 121 (1987), the court held that the language of § 60-420 compelled the conclusion that the filing of the transcript is a necessary step to the acquisition of subject matter jurisdiction. Section 60-420 states in pertinent part, "The applicant or licensee shall file a petition in such district court within thirty days from the date of filing of the director's final order in the matter and shall file the transcript before answer day . . . ." This court in *Ernest* focused on the mandatory language in § 60-420, finding the language in that section stating that the applicant "*shall* file the transcript before answer day" to be controlling, and stated, "[W]e see no reason to depart from our previous holdings that 'shall' means that a mandatory action must be accomplished." *Ernest* at 763, 415 N.W.2d at 124.

We believe the analysis utilized in construing § 25-1905 and § 60-420 is controlling in this case. The language in § 48-1120 is analogous to that in both §§ 25-1905 and 60-420. Section 48-1120(2) states that the proceeding "shall be initiated by the filing of a petition . . . together with a transcript of the record . . . . Thereupon the court shall have jurisdiction . . . ." Similarly, § 25-1905 states that "[t]he plaintiff in error shall file with his petition a transcript of the proceedings," while § 60-420 mandates that "[t]he applicant . . . shall file a petition . . . within thirty days . . . and shall file the transcript before answer day . . . ." Clearly, if the filing of the transcript is mandatory and

jurisdictional in proceedings under both §§ 25-1905 and 60-420, such a filing is also jurisdictional in actions under § 48-1120. As stated in *Ernest, supra*, "shall" means that a mandatory action must be accomplished. The conclusion that the filing of a certified copy of the transcript is jurisdictional in proceedings under § 48-1120(2) is further supported by language within the statute. The statement "Thereupon the court shall have jurisdiction" comes *after* the language in § 48-1120(2) requiring a transcript of the record to be filed. By stating that the court shall have jurisdiction *after* delineating the requirement of filing a transcript, presumably the Legislature intended jurisdiction to be vested in the court only after such a transcript was filed.

The fact that this court has held the filing of a transcript not jurisdictional in proceedings under other statutes requiring the aggrieved party to file a petition for review in the district court does not affect our conclusion in this case. In an appeal under Neb. Rev. Stat. § 84-917 (Reissue 1987) of the Administrative Procedure Act, this court held that while the transcript is critical to the final disposition of the case, jurisdiction is not contingent upon filing the transcript within the statutory time set for filing the petition. *Maurer v. Weaver*, 213 Neb. 157, 328 N.W.2d 747 (1982). Section 84-917 provides:

> (2) Proceedings for review shall be instituted by filing a petition . . . within thirty days after the service of the final decision by the agency. . . .
>
> . . . .
>
> (4) Within fifteen days after service of the petition or within such further time as the court for good cause shown may allow, the agency shall prepare and transmit to the court a certified transcript of the proceedings had before it
>
> . . . .

As stated in *Ernest, supra*, the holding in *Maurer* was specifically limited to appeals under the Administrative Procedure Act. In addition, this court in *Maurer* specifically noted that § 84-917(4) allowed the court to extend the 15-day period "for good cause shown." The idea that time could possibly be extended "militates against such a time's being jurisdictional." *Ernest* at 762, 415 N.W.2d at 123. No possible

extension of time is contained within § 48-1120.

In addition, this court held in *Sorensen v. Bernhardt*, 223 Neb. 395, 389 N.W.2d 583 (1986), that the filing of a certified copy of the transcript of prior proceedings is not jurisdictional in appeals pursuant to Neb. Rev. Stat. § 48-638 (Reissue 1984). That section provides:

> Within thirty days after a decision of an appeal tribunal has become final, the commissioner, or any party to the proceedings . . . may obtain judicial review thereof by filing . . . . With his answer or petition, the commissioner shall certify and file with the court a certified copy of the records of the case, including . . . a transcript of all testimony taken in the matter . . . .

In *Sorensen*, this court held that the requirement of a transcript under § 48-638 is distinguishable from the requirement in an error proceeding. The requirement of filing a transcript in an error proceeding is applicable to any party filing a petition in error, while the requirement in § 48-638 applies only to the commissioner and therefore cannot be jurisdictional unless it is the commissioner who has filed the petition for review. The same distinction discussed in *Sorensen* applies in proceedings under § 48-1120. Therefore, both §§ 48-638 and 84-917 are inapposite to proceedings under § 48-1120, and decisions regarding jurisdiction in proceedings under those sections are not controlling here.

We therefore hold that where appeals are taken from the NEOC pursuant to the provisions of § 48-1120, the certified transcript of proceedings before the NEOC is required to be filed within the 30-day limitation period provided for in § 48-1120 in order for the district court to have jurisdiction over the appeal. The judgment of the district court is affirmed.

AFFIRMED.