RIVER CITY LIFE CENTER LIMITED PARTNERSHIP AND PRAIRIE LIFE CENTER OF Q STREET, LTD., APPELLANTS, V. DOUGLAS COUNTY BOARD OF EQUALIZATION AND COMMUNITY HEALTH VISION, INC., NOW KNOWN AS ALEGENT HEALTH, DOING BUSINESS AS LAKESIDE WELLNESS CENTER, APPELLEES.

658 N.W.2d 717

Filed April 4, 2003.   No. S-02-953.

Frederick S. Cassman and Harvey B. Cooper, of Abrahams, Kaslow & Cassman, L.L.P., for appellants.

Edward D. Hotz and Patrick M. Flood, of Hotz, Weaver, Flood & Breitkreutz, for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

MCCORMACK, J.

NATURE OF CASE

The appellants, River City Life Center Limited Partnership and Prairie Life Center of Q Street, Ltd., seek further review of

the summary dismissal by the Nebraska Court of Appeals. The sole issue on appeal is whether the district court and Court of Appeals erred in dismissing the appeal for lack of jurisdiction for the reason that the appellants' praecipe was not filed with the clerk of the district court, as required by Neb. Rev. Stat. § 25-1905 (Reissue 1995), within the time period prescribed by Neb. Rev. Stat. § 25-1931 (Cum. Supp. 2002). For the reasons discussed below, we affirm.

## BACKGROUND

On April 9, 2002, the Douglas County Board of Equalization (Board) granted continued approval of a partial property tax exemption to Community Health Vision, Inc., now known as Alegent Health, doing business as Lakeside Wellness Center (Lakeside). On April 23, the appellants filed a petition in error in the district court. The appellants alleged that the exemption from property tax granted by the Board to Lakeside was contrary to applicable statutes when the property considered as a whole is not used exclusively for exempt purposes. On the same date, the appellants filed a praecipe with the Douglas County clerk, the custodian of the Board's records. On May 28, the appellants filed a certificate of transcript with the district court, which was beyond the requirement of § 25-1931 that the certificate be filed 30 days after the rendition of judgment. In their respective answers, the appellees, the Board and Lakeside, alleged that the district court lacked jurisdiction over the proceeding in error because the appellants failed to file a transcript of the proceedings or praecipe with the district court, as required by § 25-1905, within the time period prescribed by § 25-1931. The appellees also filed separate motions for summary judgment.

In an order dated August 13, 2002, the district court sustained the appellees' motions for summary judgment. The court held that there were no issues of material fact and that the appellees were entitled to judgment as a matter of law. The court construed § 25-1905 to require that for jurisdiction to attach, a praecipe must be filed with the district court requested to review such judgment, and not with the tribunal, board, or officer charged with preparing the transcript. Therefore, the district court dismissed the appellants' petition in error for lack of jurisdiction because the

praecipe was not timely filed with the clerk of the district court. The appellants then filed an appeal, which was summarily dismissed on October 15, 2002, by the Court of Appeals on the same grounds as that of the district court. We granted the appellants' petition for further review.

## ASSIGNMENTS OF ERROR

The appellants assign that the Court of Appeals erred in summarily dismissing their appeal and in (1) construing § 25-1905 to mean that the praecipe for transcript must be filed specifically with the clerk of the district court rather than with a tribunal, board, or officer charged with preparing the transcript and (2) concluding that Neb. Rev. Stat. § 77-202.04 (Cum. Supp. 2002) deprived the appellants of standing to challenge the granting by the Board of an exemption from taxation to the appellees.

## STANDARD OF REVIEW

■ The question of jurisdiction is a question of law, upon which an appellate court reaches a conclusion independent of the trial court. *Kansas Bankers Surety Co. v. Halford,* 263 Neb. 971, 644 N.W.2d 865 (2002); *Kovar v. Habrock,* 261 Neb. 337, 622 N.W.2d 688 (2001).

■ Statutory interpretation presents a question of law. When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court. *Egan v. Stoler, ante* p. 1, 653 N.W.2d 855 (2002); *Governor's Policy Research Office v. KN Energy,* 264 Neb. 924, 652 N.W.2d 865 (2002); *In re Application No. C-1889,* 264 Neb. 167, 647 N.W.2d 45 (2002).

## ANALYSIS

The sole issue on appeal is whether § 25-1905 requires a praecipe for transcript to be filed specifically with the court requested to review a judgment in order to confer jurisdiction on such court. The appellants construe § 25-1905 to require the praecipe to be filed with the tribunal, board, or officer charged with preparing the transcript. This is a matter of statutory interpretation.

Prior to 1991, § 25-1905 (Reissue 1989) provided in relevant part: "The plaintiff in error shall file with his petition a transcript

of the proceedings containing the final judgment or order sought to be reversed, vacated or modified." The statute was amended in 1991. Section 25-1905 (Reissue 1995), now at issue in this appeal, provides in relevant part: "The plaintiff in error shall file with his or her petition a transcript of the proceedings *or a praecipe directing the tribunal, board, or officer to prepare the transcript of the proceedings.* The transcript shall contain the final judgment or order sought to be reversed, vacated, or modified." (Emphasis supplied.) In addition to the filing requirements of § 25-1905, proceedings in error must be commenced within 30 days after rendition of the judgment or making of the final order. § 25-1931.

Prior to the amendment of § 25-1905, we have repeatedly held that where a proceeding in error pursuant to § 25-1905 is utilized seeking reversal, vacation, or modification of a final judgment or order, jurisdiction of a court does not attach until a petition and transcript, containing the final judgment or order, are filed in the court requested to review such judgment or order. See, *Transcon Lines, Inc. v. O'Neal,* 230 Neb. 31, 429 N.W.2d 718 (1988); *Clark v. Cornwell,* 223 Neb. 282, 388 N.W.2d 848 (1986); *Glup v. City of Omaha,* 222 Neb. 355, 383 N.W.2d 773 (1986); *Fisher v. Housing Auth. of City of Omaha,* 214 Neb. 499, 334 N.W.2d 636 (1983); *Marcotte v. City of Omaha,* 196 Neb. 217, 241 N.W.2d 838 (1976); *Lanc v. Douglas County Welfare Administration,* 189 Neb. 651, 204 N.W.2d 387 (1973); *Anania v. City of Omaha,* 170 Neb. 160, 102 N.W.2d 49 (1960). The requirement that a plaintiff in error shall file with his petition a transcript of the proceedings is mandatory and jurisdictional. *Glup v. City of Omaha, supra*; *Marcotte v. City of Omaha, supra*; *Anania v. City of Omaha, supra.* In the absence of a transcript as the statute requires, the court in which a petition in error is filed has no jurisdiction to proceed further than to dismiss the petition in error. *Anania v. City of Omaha, supra.*

This being the construction of § 25-1905 prior to its 1991 amendment, we now consider the effect of the amendment. Statutory language is to be given its plain and ordinary meaning; an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *Neb. Account. & Disc. v. Citizens for Resp. Judges,*

256 Neb. 95, 588 N.W.2d 807 (1999); *Kimball v. Nebraska Dept. of Motor Vehicles*, 255 Neb. 430, 586 N.W.2d 439 (1998). The amended version of § 25-1905 provides that "[t]he plaintiff in error shall file *with* his or her petition a transcript of the proceedings or a praecipe . . . ." (Emphasis supplied.) The amendment does not expressly change the jurisdictional requirements of prior case law. In determining the meaning of a statute, the applicable rule is that when the Legislature enacts a law affecting an area which is already the subject of other statutes, it is presumed that it did so with full knowledge of the preexisting legislation and the decisions of the Supreme Court construing and applying that legislation. *White v. State*, 248 Neb. 977, 540 N.W.2d 354 (1995). It is presumed that when a statute has been construed by the Supreme Court and the same statute is substantially reenacted, the Legislature gave to the language the significance previously accorded to it by the Supreme Court. *Brown v. Kindred*, 259 Neb. 95, 608 N.W.2d 577 (2000). Because the Legislature did not change the jurisdictional requirements, we conclude the statute's plain language requires that for jurisdiction to attach, the transcript of the proceedings or praecipe must be filed specifically with the petition in error in the court requested to review such judgment. Our conclusion is consistent with the language of the statute and prior case law.

The appellants allege that to require the filing of the praecipe in the same court as the petition rather than with the tribunal, board, or officer charged with preparing the transcript leads to an absurd result contrary to the Legislature's intent. The appellants assert that the praecipe is not self-executing and as such that the preparation of the transcript may be indefinitely delayed. We disagree. Prior to the 1991 amendment, § 25-1905 was silent as to how the petitioner was to secure the transcript. The appellants had the problem of obtaining the transcript from the tribunal and filing it with the district court within 30 days of the tribunal's decision. After the 1991 amendment, filing of the praecipe for transcript with the clerk of the district court satisfied the 30-day appeal requirement, even if the tribunal did not timely prepare and furnish the transcript to the appellants for filing with the clerk of the district court.

728

In this case, the appellants timely filed the petition in error with the district court, but filed the praecipe with the county clerk. The appellants subsequently filed an untimely certificate of transcript with the district court. Because the appellants failed to timely file a transcript or praecipe with the petition in error in district court in accordance with § 25-1905, we conclude the court lacked jurisdiction to hear the case.

We also decline to address the appellants' assignment of error as to standing under § 77-202.04 because the court below did not have jurisdiction. Therefore, we affirm the summary dismissal by the Court of Appeals.

CONCLUSION

We conclude that in a proceeding in error, a plaintiff must file with the petition a transcript of the proceedings or praecipe in the court requested to review such judgment or order to confer jurisdiction on such court. Because the appellants failed to timely file a transcript or praecipe with the petition in district court, we conclude that the district court lacked jurisdiction to hear the case. Therefore, we affirm the summary dismissal by the Court of Appeals.

AFFIRMED.