THOMAS LYLE, APPELLANT, V.
DRIVERS MANAGEMENT, INC., APPELLEE.
673 N.W.2d 237

Filed January 13, 2004.   No. A-03-870.

James E. Harris and Britany S. Shotkoski, of Harris, Feldman Law Offices, for appellant.

Raymond P. Atwood, Jr., and Eric B. Brown, of Atwood & Associates Law Firm, P.C., L.L.O., for appellee.

HANNON, SIEVERS, and INBODY, Judges.

SIEVERS, Judge.

Thomas Lyle appeals the order of the single judge of the Nebraska Workers' Compensation Court in which the judge vacated his previous order approving a lump-sum settlement. Because Lyle did not act to have the order of vacation reviewed by a compensation court review panel, but, rather, appealed directly to this court, we dismiss the appeal for lack of jurisdiction.

FACTUAL AND PROCEDURAL BACKGROUND

Lyle filed a petition in the Workers' Compensation Court on August 16, 2001, alleging that he had sustained injuries as a result

of an accident arising out of and in the course of his employment with Drivers Management, Inc. (DMI). On December 6, 2002, the parties entered into a lump-sum settlement agreement and applied to the compensation court for approval of that settlement. On January 16, 2003, a judge of that court entered an order approving the settlement. The judge's order stated:

> Upon [DMI's] receipt of the child support lien letters from each of the relevant officials identified and described in paragraph six (6) of the Application for Approval of Compromise Lump Sum Settlement and approval of this lump sum settlement, [DMI] shall pay to [Lyle] the sum of $45,000.00, less any advances previously made or any amounts payable to satisfy the child support liens and interests . . . .

On February 19, 2003, Lyle filed a motion for penalties and attorney fees. Following a hearing on that motion, the judge of the compensation court entered an order on July 15, 2003, vacating his approval of the lump-sum settlement because the January 16 order approving the settlement was "conditioned upon an action in the future." The judge concluded that the January 16 order was a conditional order and that under *Maddux v. Maddux*, 239 Neb. 239, 475 N.W.2d 524 (1991), the order was void. Therefore, the judge vacated the settlement and ordered the matter to be set for trial. Lyle did not apply for review by a three-judge panel of the Workers' Compensation Court as required under Neb. Rev. Stat. § 48-179 (Cum. Supp. 2002), but, rather, he simply appealed directly to this court. On August 29, 2003, we entered an order instructing the parties to brief the issue of our jurisdiction.

## STANDARD OF REVIEW

The question of jurisdiction is a question of law, upon which an appellate court reaches a conclusion independent of the trial court. *River City Life Ctr. v. Douglas Cty. Bd. of Equal.*, 265 Neb. 723, 658 N.W.2d 717 (2003).

## ANALYSIS

Lyle argues that the single judge of the Workers' Compensation Court did not have jurisdiction to modify or vacate

his own judgment, but before we can reach that question, we must determine whether this court has jurisdiction. It is not only within the power but it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties. See, *Bailey v. Lund-Ross Constructors Co.*, 265 Neb. 539, 657 N.W.2d 916 (2003); *Hamm v. Champion Manuf. Homes*, 11 Neb. App. 183, 645 N.W.2d 571 (2002).

In the case before us, Lyle did not apply to the three-judge panel for review of the single judge's July 15, 2003, order; instead, he appealed directly to this court. Lyle contends he did not have to obtain review by the panel because the July 15 order was a final order for purposes of appeal. Lyle premises his argument on Neb. Rev. Stat. § 25-1902 (Reissue 1995), which defines three types of final orders that may be reviewed on appeal, including an order affecting a substantial right made in a special proceeding. Lyle contends that the July 15 order has affected his substantial rights and that a workers' compensation case is a special proceeding. We agree with Lyle that the July 15 order is a final order, because it affects a substantial right—his ability to settle his case—and it was made in a special proceeding. See *Hull v. Aetna Ins. Co.*, 247 Neb. 713, 529 N.W.2d 783 (1995) (workers' compensation actions are special proceedings). However, Lyle's argument fails to recognize that the Nebraska Workers' Compensation Act, Neb. Rev. Stat. § 48-101 et seq. (Reissue 1998, Cum. Supp. 2002 & Supp. 2003), controls this case. Thus, the question is not so much whether the order of vacation was a final order, but, rather, whether the statutory procedure for an appeal under the act was followed in appealing the order.

In reaffirming its holding in *Schmidt v. Shoftstall Alfalfa*, 239 Neb. 248, 475 N.W.2d 523 (1991), the Nebraska Supreme Court stated, in *Hagelstein v. Swift-Eckrich*, 257 Neb. 312, 323, 597 N.W.2d 394, 402 (1999): "The statutes as currently written do not provide for appeal to this court or the Court of Appeals without a properly constituted review by the compensation court." The procedure for proper review by the compensation court is provided in § 48-170, which states: "Every order and award of a single judge of the Nebraska Workers' Compensation Court shall be binding upon each party at interest unless an application for

review has been filed with the compensation court within fourteen days after the date of entry of the order or award." Section 48-179 provides that an application for review by a three-judge panel is the only remedy for one who refuses to accept the findings of the compensation court on the original hearing. Further, § 48-185, which describes procedures for appeal, states: "Any appeal from the judgment of the Nebraska Workers' Compensation Court *after review* . . . ." (Emphasis supplied.)

From our analysis of the Nebraska Workers' Compensation Act, we conclude that there can be no appeal to this court without the complaining party first having sought review by a three-judge panel of the Workers' Compensation Court. Therefore, we lack jurisdiction and must dismiss Lyle's appeal.

APPEAL DISMISSED.