state habeas corpus action. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.[12] And for the same reason, we do not reach the merits of these issues. The Court of Appeals' discussion of res judicata and the applicability of the law-of-the-case doctrine is dicta and should not be regarded as precedential.[13] The applicability of the law-of-the-case doctrine in a state habeas corpus action is an issue to be resolved in another case on another day.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the Court of Appeals, as modified.

AFFIRMED AS MODIFIED.

---

[12] *State v. Pangborn*, 286 Neb. 363, 836 N.W.2d 790 (2013); *State v. Au*, 285 Neb. 797, 829 N.W.2d 695 (2013).

[13] See *Blue Tee Corp. v. CDI Contractors, Inc.*, 247 Neb. 397, 529 N.W.2d 16 (1995).

---

JEREMY SCHAFFER, APPELLANT, V.
CASS COUNTY ET AL., APPELLEES.
___ N.W.2d ___

Filed May 15, 2015.    No. S-14-542.

1. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.

2. **Administrative Law: Appeal and Error.** Sheriffs' merit commissions are considered "tribunals" under Neb. Rev. Stat. § 25-1901 (Reissue 2008).

3. **Jurisdiction: Time: Appeal and Error.** A failure to file a timely appeal deprives the district court of jurisdiction to hear the appeal.

4. **Statutes.** Where general and special provisions of statutes are in conflict, the general law yields to the special provision or more specific statute.

Appeal from the District Court for Cass County: DANIEL E. BRYAN, JR., Judge. Reversed and remanded for further proceedings.

Steven M. Delaney and A. Bree Robbins, of Reagan, Melton & Delaney, L.L.P., for appellant.

Erin L. Ebeler, of Woods & Aitken, L.L.P., for appellees.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

McCormack, J.

## NATURE OF CASE

This action stems from an employment relationship between the Cass County sheriff's office and Jeremy Schaffer, a deputy sheriff. Schaffer appealed a disciplinary action through a hearing with the Cass County Merit Commission (the Commission). Schaffer appealed the Commission's finding within 30 days of the written order, but not within 30 days of the oral pronouncement. This dispute centers over whether an oral announcement of a decision triggers the 30-day time period for appeal or whether Neb. Rev. Stat. § 23-1734(1) and (2) (Reissue 2012) requires a written and certified order before the appeal period begins to toll.

## BACKGROUND

Appellant, Schaffer, was employed as a deputy sheriff at the Cass County sheriff's office. The appellees in this case are Cass County, Nebraska; the Cass County sheriff's office; Cass County Sheriff William Brueggeman; and the Commission. The Commission is an administrative body authorized to affirm, modify, or revoke decisions of management of the Cass County sheriff's office and Cass County.

On January 17, 2014, the sheriff's office informed Schaffer that he was being suspended for 10 days. The notification stated the suspension began on January 15. Schaffer filed a grievance of his suspension. The sheriff's office declared Schaffer's grievance unsubstantiated. Schaffer appealed his grievance to the Commission.

The Commission held a hearing regarding Schaffer's grievance on February 24, 2014. At the hearing, the Commission voted and announced on the record its decision to affirm the

actions of the sheriff's office. The Commission stated that a written order would follow.

The Commission thereafter issued a written decision dated March 6, *2013*, and entitled "Deputy Sheriff Jeremy Schaffer Merit Commission Decision on Grievance." Although the date on the order says March 6, *2013*, we assume the Commission intended the date to be March 6, *2014*, since all operative facts in this case occurred in 2014. The Commission faxed the decision to Schaffer's counsel on March 21. The Commission mailed the decision by certified mail to Schaffer's counsel on March 21. Schaffer states his counsel received the decision via certified mail on March 26.

Schaffer's counsel filed a petition in error with the Cass County District Court on April 7, 2014. This was 42 days from the date the Commission orally announced its decision. This was 32 days from the issuance of the decision; but the 30th day from the issuance of the decision fell on April 5, which was a Saturday. According to Neb. Rev. Stat. § 25-2221 (Cum. Supp. 2014), the time for appeal was thus extended to the next workday, which was April 7, the same day that Schaffer filed his petition in error. The notice of appeal was filed 17 days from the date the decision was faxed and mailed to counsel.

The district court dismissed Schaffer's appeal for lack of jurisdiction. The court reasoned that Schaffer did not file for a review in accordance with Neb. Rev. Stat. § 25-1931 (Reissue 2008), because the appeal was not filed within the 30-day time period. The court determined that the period for filing began the date of the oral pronouncement, February 24, 2014, and that because Schaffer filed 42 days after this date, Schaffer was outside the 30-day time period. The court did not agree with Schaffer that § 23-1734(1) and (2) require a "certified or written order delivered to the sheriff" before the judgment or final order is rendered under Neb. Rev. Stat. § 25-1901 (Reissue 2008).

## ASSIGNMENTS OF ERROR

Schaffer argues the district court improperly dismissed his appeal for lack of jurisdiction, because it erred in finding that

a judgment or final order rendered by an inferior tribunal under § 25-1901 is when the decision is orally announced on the record, not when it was written, certified, and delivered pursuant to § 23-1734(1) and (2). Schaffer argues that since he filed his appeal with the district court within 30 days of the time the decision was written, certified, and delivered, the district court should not have declined jurisdiction.

## STANDARD OF REVIEW

[1] Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.[1]

## ANALYSIS

Schaffer argues that there are two statutes that may apply in this case and that because one is more specific to the facts at hand, the more specific statute should control over the more general statute. Schaffer claims that § 23-1734 was intentionally created by the Legislature to require sheriff's merit commissions to follow specific procedures before implementing sanctions on an employee. Schaffer contends that according to § 23-1734, an appeal is timely filed if it is filed within 30 days from when the "written order was certified and delivered."[2] Therefore, the district court should not have declined jurisdiction over the case for failure to comply with the 30-day appeal date, because his appeal was filed within the statutory 30 days of both issuance and delivery of the Commission's written order.

The appellees argue that § 23-1734 does not require a written order as a precondition to a merit commission's finding and decision for purposes of appeal. The appellees state that the time for appeal begins upon the oral pronouncement of the judgment or order and that the written "'transmittal

---

[1] *Underwood v. Nebraska State Patrol*, 287 Neb. 204, 842 N.W.2d 57 (2014).

[2] Brief for appellant at 7.

of the order to the parties is not an integral part of the judicial act.' "[3]

[2,3] There is no debate that under § 25-1901, Schaffer needed to file his appeal 30 days from the date judgment was rendered. Under § 25-1901, a "judgment rendered or final order made by any tribunal, board, or officer exercising judicial functions and inferior in jurisdiction to the district court may be reversed, vacated, or modified by the district court." We have treated sheriff's merit commissions as tribunals under § 25-1901.[4] Such appeal under § 25-1901 "shall be commenced within thirty days after the *rendition of the judgment or making of the final order complained of*."[5] A failure to file an appeal within 30 days of the judgment or final order deprives the district court of jurisdiction to hear the appeal.[6] The issue is *when* the "rendition of the judgment" occurred.[7]

In contrast to the written notation or order required when appealing from a district court decision, we have interpreted a "judgment rendered" by an inferior tribunal within Neb. Rev. Stat. §§ 25-1901 through 25-1931 (Reissue 2008) to be an oral announcement of the decision or a pronounced vote at a hearing.[8] We have said that when the decision is pronounced by an inferior tribunal under § 25-1901, then, for purposes of appeal, only an oral pronouncement is necessary, and not the entry of the final decision or vote on the record.[9]

---

[3] Brief for appellee at 9, quoting *Marcotte v. City of Omaha*, 196 Neb. 217, 241 N.W.2d 838 (1976).

[4] See, e.g., *Pierce v. Douglas Cty. Civil Serv. Comm.*, 275 Neb. 722, 748 N.W.2d 660 (2008).

[5] § 25-1931 (emphasis supplied).

[6] See, e.g., *Brown v. City of Omaha*, 179 Neb. 224, 137 N.W.2d 814 (1965).

[7] See §§ 25-1901 and 25-1931.

[8] See, *McNally v. City of Omaha*, 273 Neb. 558, 731 N.W.2d 573 (2007); *Marcotte v. City of Omaha, supra* note 3; *Brown v. City of Omaha, supra* note 6.

[9] See *id*.

In *McNally v. City of Omaha*,[10] in determining the timeliness of the appeal, we held that an "administrative body's pronounced vote . . . is the final order to be appealed from, not any entry of that vote on the record." The appellants had assigned as error the board's failure to ever render a decision in writing. We found that because the record contained a copy of the minutes reflecting the board's decision at the hearing, there was no merit to such assignment of error.[11]

In *Marcotte v. City of Omaha*,[12] a city employee sought review of the city personnel board's decision regarding his suspension and dismissal. We found that the oral pronouncement of the judgment was "'rendered'" when it was announced and that "the transmittal of the order to the parties is not an integral part of the judicial act."[13]

But in *McNally* and *Marcotte*, the lower tribunal, board, or commission was not governed by a statute specifying the board's procedure for rendering a final judgment. It can be inferred that our holdings in those cases were limited to situations in which no other statute specified the requirements for a final judgment. Schaffer argues that § 23-1734 is a more specific statute that requires a written order before the judgment of the Commission is considered rendered, and we agree.

Section 23-1734(2) states in relevant part:

> After hearing or reviewing the grievance, the commission shall issue a written order either affirming or denying the grievance. Such order shall be delivered to the parties to the grievance or their counsel or other representative within seven calendar days after the date of the hearing or the submission of the written grievance.

(Emphasis supplied.)

---

[10] *McNally v. City of Omaha, supra* note 8, 273 Neb. at 565, 731 N.W.2d at 580.

[11] *McNally v. City of Omaha, supra* note 8.

[12] *Marcotte v. City of Omaha, supra* note 3.

[13] *Id*. at 218, 241 N.W.2d at 840.

*Brown v. City of Omaha*[14] is the only case in which we have specifically addressed when a law enforcement merit commission renders its judgment. In *Brown*, the appellant had sought review of his dismissal as a city police officer. We held that the date a city board orally announced its decision was the date that commenced the 1-month appeal time.[15] However, the decision in *Brown* occurred approximately 4 years before the passing of § 23-1734, which occurred in 1969.

[4] Where general and special provisions of statutes are in conflict, the general law yields to the special provision or more specific statute.[16] Section 23-1734 specifically prescribes procedures for a deputy sheriff's grievance filing and for the resolution of such grievances, including that a written order is required for the rendition of judgment.

Though under §§ 25-1901 and 25-1931, we have found in other circumstances that the final judgment was rendered at the time of the oral announcement of a decision of an inferior tribunal, board, or commission,[17] § 23-1734 necessitates more specific requirements for a final order of a sheriff's merit commission. Since we have a statute that specifically pertains to orders of a sheriff's merit commission, the statutory language prevails over our own common-law interpretation of another, more general statute that also applies.[18]

Subsection (2) of § 23-1734 requires that orders of a merit commission be written and delivered to the parties or counsel. Since the order in this case was not written *and* delivered until March 21, 2014, the order was not finalized until that date. Schaffer filed his petition in error by April 7, which was within 30 days of March 21. Even if the clock ran from issuance of the opinion on March 6, April 7 was

---

[14] *Brown v. City of Omaha, supra* note 6.

[15] *Id.*

[16] See, *Sack v. Castillo*, 278 Neb. 156, 768 N.W.2d 429 (2009); *Bergan Mercy Health Sys. v. Haven*, 260 Neb. 846, 620 N.W.2d 339 (2000).

[17] See, *Marcotte v. City of Omaha, supra* note 3; *Brown v. City of Omaha, supra* note 6.

[18] See, *Sack v. Castillo, supra* note 16; *Bergan Mercy Health Sys. v. Haven, supra* note 16.

the first workday after the 30-day appeal time ended on Saturday, April 5. The petition was filed within the statutory 30-day time period of both issuance and delivery of the Commission's order. Thus, the petition in error was timely filed, and the district court erred when it dismissed the case for lack of jurisdiction.

## CONCLUSION

Although, typically, decisions rendered by an inferior tribunal, board, or commission are final when they are announced on the record, the specificity in § 23-1734 overrides that general rule. An order is not final until it meets the requirements in § 23-1734. Those requirements state that the order must be in writing, "certified" to the sheriff, and delivered. This order was not in writing until it was issued on March 6, 2014, and not delivered until March 21. March 21 is the earliest date from which the order can be considered final under § 23-1734(2), because the order was not delivered to the parties until that date. The appeal was taken well within 30 days of this date. We reverse the district court's judgment and remand the cause for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

———————

BAUERMEISTER DEAVER ECOLOGY LAND USE DEVELOPMENT,
LLC, AS SUCCESSOR IN INTEREST TO DOROTHY L.
BAUERMEISTER, INDIVIDUALLY, ET AL., APPELLANT,
V. WASTE MANAGEMENT CO. OF
NEBRASKA, INC., APPELLEE.

___ N.W.2d ___

Filed May 15, 2015.    No. S-14-553.

1. **Equity: Quiet Title: Accounting.** An action to quiet title and for an accounting sound in equity.
2. **Equity: Appeal and Error.** On appeal from an equity action, an appellate court resolves questions of law and fact independently of the trial court's determinations.
3. **Waiver: Words and Phrases.** Waiver is a voluntary relinquishment of a known right.