FRAN THOMPSON, APPELLANT, V. NEBRASKA DEPARTMENT
OF CORRECTIONAL SERVICES, APPELLEE.
640 N.W.2d 671

Filed March 22, 2002.   No. S-00-337.

Fran Thompson, pro se.

Don Stenberg, Attorney General, and Linda L. Willard for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## NATURE OF CASE

Fran Thompson appeals from a district court's order denying her application to proceed in forma pauperis, arguing that her workers' compensation proceeds may not be considered in assessing in forma pauperis eligibility. Because no timely objection was made pursuant to Neb. Rev. Stat. § 25-2301.02(1) (Cum. Supp. 2000), the district court erred in denying her application. Thus, we reverse, and remand with directions.

## BACKGROUND

Thompson is incarcerated at the Nebraska Correctional Center for Women in York, Nebraska. On December 7, 1999, Thompson filed a petition pursuant to the Administrative Procedure Act, Neb. Rev. Stat. § 84-901 et seq. (Reissue 1999), in the district court for York County, appealing from a decision of the Nebraska Department of Correctional Services Appeals Board. Accompanying the petition were an application to proceed in forma pauperis and a poverty affidavit in support of such application. In her affidavit, Thompson averred, inter alia, that (1) she is unable to

pay the fees and costs or give security required to proceed with the case; (2) her average income from prison employment is under $70 per month; (3) "proceeds she receives from Workers Compensation, inadequate to bring her above subsistence level, are 'exempt from attachment, garnishment, or other legal or equitable process' (Neb. Rev. Stat. §§ 48-149 (Reissue 1998) and 25-1563.03 (Reissue 1995))"; and (4) such workers' compensation income is not relevant to the consideration of her application to proceed in forma pauperis.

On February 22, 2000, the district court issued an order which stated: "Ms. Thompson has available to her a worker's comp trust fund from which she may pay costs for her numerous appeals from prison disciplinary proceedings. The costs involved are minimal. Therefore, leave to proceed in forma pauperis is denied."

Thompson timely appealed from the district court's order, and we moved the case to our docket.

## ASSIGNMENT OF ERROR
Thompson assigns that the district court erred in denying her leave to appeal in forma pauperis.

## STANDARD OF REVIEW
■ An appellate court shall review the decision denying in forma pauperis eligibility de novo on the record based on the transcript of the hearing or the written statement of the court. § 25-2301.02(2).

## ANALYSIS
In forma pauperis proceedings are governed by Neb. Rev. Stat. § 25-2301 et seq. (Cum. Supp. 2000). Specifically, § 25-2301.02(1) provides in part:

> An application to proceed in forma pauperis shall be granted unless there is an objection that the party filing the application: (a) Has sufficient funds to pay costs, fees, or security . . . . *The objection to the application shall be made within thirty days after the filing of the application.* Such objection may be made by the court on its own motion or on the motion of any interested person.

(Emphasis supplied.)

Thompson's application to proceed in forma pauperis was filed in the district court on December 7, 1999. The record before us contains no evidence that either the district court or an interested person objected to Thompson's application within 30 days of its filing. Even when construing the district court's February 22, 2000, order to be an objection "made by the court on its own motion," the 30-day deadline had long since expired when the objection was made.

■ In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning. *Hunt v. Trackwell*, 262 Neb. 688, 635 N.W.2d 106 (2001). When no timely objection is made, the plain language of § 25-2301.02(1) requires that an application to proceed in forma pauperis shall be granted. The district court erred in ruling otherwise.

## CONCLUSION

For the reasons set forth above, we reverse the decision of the district court and remand the cause with directions to vacate the order denying leave to appeal in forma pauperis.

REVERSED AND REMANDED WITH DIRECTIONS.