

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-26-2006

# Crawford v. Frimel

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2415

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Crawford v. Frimel" (2006). *2006 Decisions.* Paper 694.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/694

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO: 05-2415

CARL DWAYNE CRAWFORD,

Appellant

v.

EDWARD M. FRIMEL; VITO D. ROSELLI;
KEITH R. HOLDSWORTH; MICHAEL CARBONELL;
KEVIN MCSHANE; JAMES R. MELINSON

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 05-cv-00118)
District Judge: Honorable Mary A. McLaughlin

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 5, 2006

Before: MCKEE, FUENTES AND NYGAARD, <u>CIRCUIT JUDGES</u>

(Filed July 26, 2006)
_____

OPINION
_____

PER CURIAM

Appellant Carl Crawford appeals from a District Court order denying his request to

proceed <u>in forma pauperis</u> ("IFP") in his civil rights action brought under <u>Bivens v. Six</u>

<u>Unknown Named Agents on the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).  For

the reasons that follow, we will vacate the District Court's order and remand the matter for further proceedings.

## I. Facts and Procedural History

On January 11, 2005, Crawford filed a Bivens action against five FBI agents and United States Magistrate Judge James R. Melinson alleging that the Defendants conspired to issue a warrant and search his home without probable cause. He seeks release from custody, the expungement of his record, and monetary damages. He also filed a completed application to proceed IFP with the necessary attachments.

Two days later, the District Court issued a memorandum implicitly finding that Crawford is eligible to proceed IFP and that $20.76 would be deducted from Crawford's prison account. Crawford v. Frimel, No. 05-cv-00118, Mem. and Order (E.D. Pa. Jan. 14, 2005). However, the District Court denied the motion because Crawford "may not have known when he brought this action that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action" falls within 28 U.S.C. § 1915(e)(2). The District Court then issued the following order:

1. The petition is DENIED WITHOUT PREJUDICE to its reassertion in accordance with the terms of this order;
2. If plaintiff files with the Court within twenty (20) days from the date of this order a notice that he wishes to proceed with this action and thereby obligate himself to pay the $150 filing fee, this action will be reinstated; and
3. The Clerk of Court shall CLOSE this case statistically.

Id. The Court sent Crawford notice of the order, but the order was returned by the

2

Postal Service as undeliverable. On April 19th, Crawford gave notice of a change of address. The District Court immediately forwarded a copy of the January 14, 2005 order to Crawford's new address. Crawford quickly responded with a document titled "Petition to Appeal To Proceed in forma pauperis," which the District Court entered on April 29, 2005. The District Court treated the document as a notice of appeal (NOA) from the order entered on January 14, 2005. We granted Crawford's request to proceed IFP on appeal, but sent him a letter explaining that the appeal might be dismissed for lack of jurisdiction because the order is not final or appealable. See Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976).

On July 27, 2005, we entered the following order:

It appears that Appellant's notice of appeal was filed more than sixty days after the District Court's order entered January 14, 2005 became final at the expiration of the twenty-day period in which Appellant had to respond. See Fed. R. App. P. 4(a)(1)(A); Penn West Assoc., Inc. v. Cohen, 371 F.3d 118, 128 n.9 (3d Cir. 2004) (explaining that a dismissal without prejudice becomes final at the conclusion of the designated period). We remand to the District Court for the purposes of determining whether Appellant satisfies the requirements of either Federal Rule of Appellate Procedure 4(a)(5) or 4(a)(6). The Clerk shall transmit to the District Court Appellant's document entitled "Petition To Appeal To Proceed in forma pauperis" which the District Court may wish to construe as either a motion for extension of time to file an appeal under Federal Rule of Appellate Procedure 4(a)(5) or a motion to reopen the time to file an appeal under Federal Rule of Appellate Procedure 4(a)(6). In the meantime, we retain jurisdiction and postpone ruling on whether to dismiss for lack of jurisdiction.

On remand, the District Court held that Crawford fulfilled the requirements of Rule 4(a)(5) and granted his motion to appeal out of time. We then entered a briefing schedule. Crawford timely filed his pro se brief and filed a motion for the appointment of

3

counsel on appeal as well as a motion to supplement the pleadings and add additional defendants. The Appellees filed a motion to dismiss the appeal for lack of appellate jurisdiction or as untimely and also filed their appellate brief. Crawford submitted a reply. The matter is now ripe for review.

## II. Jurisdiction and Timeliness of the Appeal

We have jurisdiction to review final orders of the District Court. 28 U.S.C. § 1291. The denial of a motion to proceed IFP is a final and appealable order. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 311 (3d Cir. 2001). The parties do not dispute that the District Court's order dismissing the case without prejudice became final at the expiration of the twenty-day window. See Penn West Assoc., Inc. v. Cohen, 371 F.3d 118, 128 n.9 (3d Cir. 2004). Nor do the parties challenge on appeal the propriety of the District Court's order granting an extension of time to file an appeal. However, the Appellees still seek to dismiss the appeal arguing that the notice of appeal was untimely filed.[1]

Once the District Court construed Crawford's "Petition to Appeal" to include a request for an extension of time under Rule 4(a)(5), and granted the motion, the notice of appeal filed on April 29, 2005 became timely filed. The Appellees have not filed a cross-appeal challenging the District Court's order granting Crawford an extension of time to

---

[1] We have yet to decide whether the time to file a notice of appeal is jurisdictional or a "claim-processing" rule subject to waiver. See Eberhart v. United States, __U.S.__, 126 S. Ct. 403 (2005). However, we need not address that issue here because the timeliness of the notice of appeal is not at issue in this case.

file an appeal under 4(a)(5), thereby waiving the issue on review. See Helvering v. Pfeiffer, 302 U.S. 247, 250-51 (1937) ("[A]n appellee cannot without a cross-appeal attack a judgment entered below."). Thus, we accept that Appellant's April 29, 2005 petition, which was construed as a notice of appeal, is timely, and turn to whether the District Court abused its discretion in denying Crawford's motion to proceed IFP.

### III. IFP

We review a District Court order denying a motion to proceed IFP for abuse of discretion. See Abdul-Akbar v. Watson, 901 F.2d 329, 331 (3d Cir. 1990). Title 28 U.S.C. § 1915(a) sets forth the conditions that a petitioner must satisfy in order to receive IFP status. See also Roman v. Jeffes, 904 F.2d 192, 194 n.1 (1990). Section 1915(a) provides:

(1)     Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

(2)     A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

In Sinwell v. Shapp, we explained that it would be improper for a District Court to deny a motion for IFP and dismiss a case on "the inappropriate factor of venue rather than

on economic status." 536 F.2d 15, 18-19 (3d Cir. 1976). Although § 1915 was amended to permit a court to dismiss a case as frivolous, Sinwell implies that without express authorization to consider other factors, IFP should be granted or denied based on those requirements set forth in the rule. See also Roman, 904 F.2d at 194 n.1 (explaining that IFP determinations consist of a two-step inquiry–financial eligibility and § 1915(e)).

As the D.C. Circuit explained in In re Green, 669 F.2d 779 (D.C. Cir. 1981), "[a]part from the necessity of a case-by-case determination of poverty, frivolity or maliciousness, a court may impose conditions upon a litigant–even onerous conditions–so long as they assist the court in making such determinations" and do not deny the litigant his constitutional right to access the courts. Id. at 786.

Here District Court did not deny Crawford's IFP status on an assessment of financial eligibility or under § 1915(e). Rather, it acknowledged that Crawford qualifies for IFP, but denied the application because Crawford failed to timely respond indicating his desire to proceed on the complaint. The District Court's order was not imposed with the purpose of assisting the Court in making a financial eligibility determination. Rather, its intent was to give Crawford additional warning that he would still be charged even if the District Court dismissed the case as frivolous. Although we applaud the District Court's desire to assist a pro se litigant, imposing upon Crawford an additional burden detached from establishing financial eligibility was an abuse of discretion.

Accordingly, we will vacate the District Court's order and remand the case for

6

further proceedings.  Appellant's motion for the appointment counsel on appeal is denied.

Appellees' motion to dismiss is denied.[2]

---

[2] The Appellees filed a motion to dismiss, repeating the argument in their brief. The Appellees' motion is meritless, ignores and omits key facts, and incorrectly applies obvious rules of date tabulation.  The Appellees, through counsel, argue that Crawford's notice of appeal is untimely because he fails to satisfy Federal Rule of Appellate Procedure 4(a)(6).  Inexplicably, the Appellees completely ignore this Court's remand order and the District Court's order granting a Rule 4(a)(5) extension.  Indeed, they even fail to mention Rule 4(a)(5) at all in either their motion to dismiss or their appellate brief. It is as if the Appellees overlooked the past year of litigation in this case.