17 Neb. App. 358
BILLY TYLER, APPELLANT,
v.
JOHN NATVIG, APPELLEE.
No. A-08-650.
Court of Appeals of Nebraska.
Filed February 10, 2009.
Billy Tyler, pro se.
No appearance for appellee.
SIEVERS, CARLSON, and CASSEL, Judges.
CASSEL, Judge.

INTRODUCTION
Billy Tyler appeals the denial of his application to proceed in forma pauperis. The district court denied Tyler's application, stating that Tyler's complaint was illegible. We find that the district court erred in immediately denying Tyler's application on this basis.

BACKGROUND
On May 15, 2008, Tyler filed a complaint with the district court entitled "Civil Action 4 Defamation/Slander" and an application to proceed in forma pauperis. The complaint was handwritten. On May 27, the court ordered that Tyler's application to proceed in forma pauperis be denied on the grounds that the complaint was illegible, which, the court stated, prevented the court from determining whether the complaint was frivolous or malicious.
Tyler timely appeals.
Pursuant to authority granted to this court under Neb. Ct. R. App. P. § 2-111(B)(1), this case was ordered submitted without oral argument.

ASSIGNMENT OF ERROR
Tyler assigns that the district court erred in denying his application to proceed in forma pauperis.

STANDARD OF REVIEW
[1] An appellate court shall review the decision denying in forma pauperis eligibility de novo on the record based on the transcript of the hearing or the written statement of the court. Thompson v. Nebraska Dept. of Corr. Servs., 263 Neb. 463, 640 N.W.2d 671 (2002).

ANALYSIS
[2] The district court erred in denying Tyler's application to proceed in forma pauperis on the ground that the complaint was illegible. Neb. Rev. Stat. § 25-2301.02 (Reissue 2008) requires a district court to grant an application to proceed in forma pauperisbarring an objection based upon the grounds enumerated in the statute and the court's decision to sustain the objection. The grounds on which a court may deny an application to proceed in forma pauperis are as follows: "(1) An application to proceed in forma pauperis shall be granted unless there is an objection that the party filing the application (a) has sufficient funds to pay costs, fees, or security or (b) is asserting legal positions which are frivolous or malicious." § 25-2301.02.
[3] The district court denied Tyler's application because the court believed that the complaint was illegible and thus prevented the court from determining whether the complaint was frivolous or malicious. This does not fulfill the requirement of § 25-2301.02 that the court find that the complaint was actually frivolous or malicious as a prerequisite to denying the application. A frivolous legal position pursuant to § 25-2301.02 is one wholly without merit, that is, without rational argument based on the law or on the evidence. Tyler v. Nebraska Dept. of Corr. Servs., 13 Neb. App. 795, 701 N.W.2d 847 (2005).
We note that a district court is not without a remedy when a litigant files an application to proceed in forma pauperis in conjunction with an illegible complaint such that the court cannot determine whether the complaint is frivolous or malicious. Pursuant to Neb. Ct. R. § 6-1503, all pleadings "shall be readable" and a "pleading which does not conform . . . will be subject to a motion to strike from the file or such other action as the court deems proper." This rule provides the district court with the authority to strike the illegible complaint and hold the application to proceed in forma pauperis in abeyance until the applicant provides the court with a legible complaint. Of course, if an applicant refuses or fails to timely comply, the application would then be subject to dismissal. See Neb. Rev. Stat. § 25-601 (Reissue 2008).

CONCLUSION
We conclude that the district court erred in denying Tyler's application to proceed in forma pauperis without affording Tyler an opportunity to file a legible complaint. We therefore reverse and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.