**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2081
_____

ROSS A. FIORANI, STATES ATTORNEY GENERALS IN: CA,
OH, PA, MD, WVA, DE, NJ, NY TN NC, SC AND FL,

v.

CHRYSLER GROUP; DODGE CORP; TD FINANCIAL
GROUP, LLC; ALLY FINANCIAL SERVICES

ROSS A. FIORANI,
                              Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:12-cv-00416)
District Judge:  Honorable John E. Jones, III

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 3, 2013
Before:  SLOVITER, GREENAWAY, JR., and BARRY, Circuit Judges

(Opinion filed: January 17, 2013)
_____

OPINION
_____

PER CURIAM

Ross A. Fiorani, proceeding pro se and in forma pauperis, appeals from an order of the United States District Court for the Middle District of Pennsylvania sua sponte dismissing his complaint with prejudice for lack of venue as well as for being frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(1). For the following reasons, we will vacate the District Court's dismissal order and remand for further proceedings.

I.

Because we write primarily for the parties, we need only recite the facts necessary for our discussion. In April 2010, Fiorani, a frequent litigator in federal court, filed a pro se complaint against the Chrysler-Dodge Corporation, alleging various violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961-68, along with other federal and state law violations. (Fiorani v. Chrysler-Dodge Corp., M.D. Pa. Civ. No. 1:10-cv-00880.) On August 9, 2010, a Magistrate Judge recommended that Fiorani's complaint be transferred to the United States District Court for the Eastern District of Virginia because a substantial number of the events giving rise to his claims had occurred within that district. The Magistrate Judge also recommended that Fiorani's motion to proceed in forma pauperis be held in abeyance to be reviewed by the Eastern District of Virginia. On August 30, 2010, the District Court adopted the Magistrate Judge's recommendation and ordered that Fiorani's case be transferred to the Eastern District of Virginia.[1]

---

[1] The United States District Court for the Eastern District of Virginia subsequently denied Fiorani's motion to proceed in forma pauperis and dismissed his complaint pursuant to 28

2

On March 6, 2012, Fiorani filed a pro se complaint against the Chrysler Group, Dodge Corporation, TD Financial Group, and Ally Financial Services, alleging violations of RICO as well as various other federal and state laws. Fiorani's complaint alleged that Appellees were participating in a conspiracy to force all potential purchasers of Chrysler-Dodge vehicles to obtain financing through the defendant financial institutions. Fiorani further alleged that he was prevented from purchasing a Dodge Charger R/T despite a contract he allegedly had entered into with Chrysler-Dodge and Chrysler-Financial which authorized prearranged and pre-approved credit for the purchase. On March 16, 2012, a Magistrate Judge recommended that Fiorani's complaint be dismissed with prejudice. On April 5, 2012, the District Court adopted the Magistrate Judge's recommendation and dismissed Fiorani's complaint with prejudice on the grounds that (1) the Middle District of Pennsylvania was an improper venue and (2) it was frivolous because the District Court had previously advised Fiorani that the Middle District of Pennsylvania was not a proper venue.

Fiorani timely filed this appeal. The Clerk notified him that his appeal would be submitted to the Court for possible summary action under 3d Cir. L.A.R. 27.4 and I.O.P. 10.6. However, the Clerk later issued a briefing schedule and directed the parties to brief whether the District Court erred in sua sponte dismissing Fiorani's complaint with

U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. (Fiorani v. Chrysler-Dodge Corp., E.D. Va. Civ. No. 1:10-cv-00989, Docket #15.)

prejudice because of improper venue, and whether improper venue is a proper ground for finding a complaint frivolous under 28 U.S.C. § 1915(e).

## II.

We exercise jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's dismissal of the complaint as frivolous is for abuse of discretion, see Denton v. Hernandez, 504 U.S. 25, 33-34 (1992), but we exercise plenary review over its application of law, see Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). A claim is frivolous if "the claim is of little or no weight, value or importance, not worthy of serious consideration, or trivial." Deutsch, 67 F.3d at 1089. Improper sua sponte dismissals for venue are reviewed for harmless error. See Buchanan v. Manley, 145 F.3d 386, 388 (D.C. Cir. 1998).

## III.

Under RICO, venue lies "in the district court . . . for any district in which [any defendant] resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a). However, venue over RICO claims is controlled by both 18 U.S.C. § 1965(a) and the general venue provisions contained in 28 U.S.C. § 1391. In a civil action, venue is proper:

> only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

4

28 U.S.C. § 1391(b).

Fiorani's complaint neither sets forth facts indicating that any defendant is located in the Middle District of Pennsylvania nor alleges that any of the events or omissions giving rise to his claims occurred there. As the District Court notes, the only mention Fiorani makes of Pennsylvania is to indicate that Mid-Atlantic Regional Dodge, a non-defendant, is located in Malvern, Pennsylvania. However, Malvern's location in Chester County places it within the Eastern District of Pennsylvania.

District courts generally should not dismiss in forma pauperis complaints for improper venue. As we have previously explained,

> 28 U.S.C. § 1915 contains no express authorization for a dismissal for lack of venue. In the absence of any such statutory authority, it is inappropriate for the trial court to dispose of the case sua sponte on an objection to the complaint which would be waived if not raised by the defendant(s) in a timely manner.

Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976); see also Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 796 (2d Cir. 1999) ("A district court may not dismiss a case sua sponte for improper venue absent extraordinary circumstances."). Here, the District Court raised the issue of venue sua sponte without expressly considering whether the interests of justice weigh in favor of transferring Fiorani's complaint instead of dismissing it. See 28 U.S.C. § 1406(a). The District Court erred in doing so.

5

Under the circumstances presented here, the District Court's error was not harmless.  See Buchanan, 145 F.3d at 388.[2]  Fiorani's complaint makes it abundantly clear that there is no conceivable basis for venue in the Middle District of Pennsylvania because none of the defendants is alleged to reside there and because his allegations are not related in any way to that District.  See 28 U.S.C. § 1391(b); 18 U.S.C. § 1965(a).  While some of Fiorani's claims are duplicitous of claims contained in his prior complaint that was dismissed by the Eastern District of Virginia, the District Court's dismissal of his complaint with prejudice precludes Fiorani from refiling his new allegations in the proper venue.  As we have previously noted, dismissal with prejudice is only appropriate in limited circumstances not applicable here.  Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002); Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

IV.

In sum, the District Court erred by sua sponte dismissing with prejudice Fiorani's complaint for improper venue, and such error was not harmless.  Accordingly, we will vacate the District Court's dismissal order and remand the matter for further proceedings.

---

[2] The Buchanan court affirmed a dismissal for improper venue, concluding that "such procedural error is harmless in cases where, as here, the appellant has had an opportunity to challenge the district court's ruling on appeal but has failed to demonstrate that venue is proper." Buchanan, 145 F.3d at 388.  However, the district court had dismissed Buchanan's complaint without prejudice. See id. at 387.  While Fiorani has challenged the District Court's ruling on appeal, we focus on the fact that, unlike in Buchanan, the District Court dismissed his complaint with prejudice, foreclosing him from filing his new allegations in the proper venue.