Paul Castonguay, appellant, v. Leigh Ann
Retelsdorf et al., appellees.
___ N.W.2d ___

Filed June 26, 2015.    No. S-14-292.

1. **Actions: Records: Appeal and Error.** A district court's denial of in forma pauperis status is reviewed de novo on the record based on the transcript of the hearing or the written statement of the court.
2. **Statutes.** When a statute specifically provides for exceptions, items not excluded are covered by the statute.
3. **Courts.** The courts are not at liberty to engraft on Neb. Rev. Stat. § 25-2301.02 (Reissue 2008) any additional requirements for proceeding in forma pauperis.
4. **Venue.** Filing in the improper venue does not make the legal position asserted by the plaintiff frivolous or malicious for purposes of the in forma pauperis statute, Neb. Rev. Stat. § 25-2301.02 (Reissue 2008).
5. **Actions: Words and Phrases.** A frivolous legal position pursuant to Neb. Rev. Stat. § 25-2301.02 (Reissue 2008) is one wholly without merit, that is, without rational argument based on the law or on the evidence.
6. **Venue.** Venue is not jurisdictional and is not grounds for dismissal of the suit.
7. **Venue: Waiver.** The right of a defendant to be sued in a particular county or district is a mere personal privilege which the defendant may waive.

Appeal from the District Court for Lancaster County: Stephanie F. Stacy, Judge. Reversed and remanded with directions.

Paul Castonguay, pro se.

Douglas J. Peterson, Attorney General, and Blake E. Johnson for appellees.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, and Miller-Lerman, JJ.

McCormack, J.

## NATURE OF CASE

The issue presented is whether a trial court's sua sponte objection to venue is a proper basis under Neb. Rev. Stat. § 25-2301.02 (Reissue 2008) for denying in forma pauperis status.

## BACKGROUND

Paul Castonguay was convicted in Douglas County, Nebraska, pursuant to a plea, of first degree sexual assault. He subsequently filed a pro se complaint in Lancaster County, Nebraska, alleging an action under 42 U.S.C. § 1983 (2012). The complaint was brought against prosecutors, public defenders, and two attorneys whose capacity in the underlying criminal action is unclear from the complaint. Castonguay alleged that the defendants withheld exculpatory DNA evidence, and that the assistant attorney general lied about the existence of the DNA evidence in response to a request for discovery filed by Castonguay. Castonguay sought money damages. The complaint does not make clear whether the defendants are being sued in their official or individual capacities. The DNA report attached to the complaint indicates no male DNA was found on the victim.

Castonguay moved for leave to proceed in forma pauperis. He attached to his motion an affidavit of poverty and a certification of the Nebraska Department of Correctional Services concerning his institutional account transactions. The district court, acting sua sponte, objected that venue was not proper in Lancaster County. On that basis, the court also objected sua sponte to the motion to proceed in forma pauperis. The court made "no comments on the merits of the lawsuit." After a hearing, the court denied Castonguay's motion to proceed in forma pauperis. The court reasoned that the complaint contained no allegations suggesting venue was proper in Lancaster County. The court opined that if Castonguay wished to proceed with

the action in forma pauperis, he should make such a request in Douglas County. Castonguay appeals.

## ASSIGNMENTS OF ERROR

Castonguay asserts, consolidated and restated, that the district court erred in denying him in forma pauperis status.

## STANDARD OF REVIEW

[1] A district court's denial of in forma pauperis status is reviewed de novo on the record based on the transcript of the hearing or the written statement of the court.[1]

## ANALYSIS

There was no objection that Castonguay had sufficient funds to pay the costs of his action. There was no objection that the legal position taken in the action was frivolous or malicious. Rather, the district court denied Castonguay's motion to proceed in forma pauperis on its sua sponte objection that the complaint alleged no facts indicating that Lancaster County was the proper venue for Castonguay's action. We agree with Castonguay that the court erred in denying in forma pauperis status on that basis.

[2,3] Section 25-2301.02(1) states that an application to proceed in forma pauperis "shall be granted unless there is an objection that the party filing the application (a) has sufficient funds . . . or (b) is asserting legal positions which are frivolous or malicious." When a statute specifically provides for exceptions, items not excluded are covered by the statute.[2] The courts are not at liberty to engraft on § 25-2301.02 any additional requirements for proceeding in forma pauperis.[3]

---

[1] § 25-2301.02(2); *Tyler v. Nebraska Dept. of Corr. Servs.*, 13 Neb. App. 795, 701 N.W.2d 847 (2005).

[2] *Conroy v. Keith Cty. Bd. of Equal.*, 288 Neb. 196, 846 N.W.2d 634 (2014); *Chapin v. Neuhoff Broad.-Grand Island, Inc.*, 268 Neb. 520, 684 N.W.2d 588 (2004).

[3] See, e.g., *Estate of McElwee v. Omaha Transit Auth.*, 266 Neb. 317, 664 N.W.2d 461 (2003). See, also, *Tyler v. City of Milwaukee*, 740 F.2d 580 (7th Cir. 1984).

In *Tyler v. Natvig*,[4] the Nebraska Court of Appeals accordingly held that illegibility was not a proper basis for denying the plaintiff in forma pauperis status. The court explained that being prevented by illegibility from determining whether the complaint was frivolous or malicious "does not fulfill the requirement of § 25-2301.02 that the court find that the complaint was actually frivolous or malicious as a prerequisite to denying the application."[5] The district court was free to pursue other avenues to address the illegibility of the complaint, such as striking the complaint pursuant to Neb. Ct. R. § 6-1503 and holding the application to proceed in forma pauperis in abeyance until the applicant provided a legible complaint. But the court could not address this issue via a denial of in forma pauperis status.

[4] Although the district court never expressly found Castonguay was asserting a frivolous or malicious legal position, the State asserts that the complaint's failure to allege facts supporting Lancaster County as the proper venue is equivalent to asserting a frivolous or malicious legal position. We disagree. Just as illegibility does not make the alleged legal position "frivolous" or "malicious" for purposes of § 25-2301.02, we hold that filing in the improper venue does not make the legal position asserted by the plaintiff frivolous or malicious.

[5-7] "A frivolous legal position pursuant to § 25-2301.02 is one wholly without merit, that is, without rational argument based on the law or on the evidence."[6] Venue, as expressly stated by the venue statute[7] and emphasized by our case law, is not jurisdictional and is not grounds for dismissal of the suit.[8] "'[T]he right of a defendant to be sued in a particular

---

[4] *Tyler v. Natvig*, 17 Neb. App. 358, 762 N.W.2d 621 (2009).

[5] *Id.* at 360, 762 N.W.2d at 623.

[6] *Id.* See, also, *Cole v. Blum*, 262 Neb. 1058, 637 N.W.2d 606 (2002).

[7] Neb. Rev. Stat. § 25-403.01 (Reissue 2008).

[8] See *Blitzkie v. State*, 228 Neb. 409, 422 N.W.2d 773 (1988).

county or district is a mere personal privilege which [the defendant] may waive.'"[9] Indeed, because venue is a waivable personal privilege, it is not clear that it is a matter that can be objected to by a court sua sponte.[10]

The legal position alleged in a complaint is not "wholly without merit" simply because the alleged facts indicate that the defendant may—but may not—ask for a change of venue. This is especially true because, even if the defendant asks for a change of venue, the lawsuit will continue on the merits. The underlying merits of the legal position taken in the complaint will not be affected by the objection to venue; they will simply be decided by a different court. Improper venue is thus in contrast to cases wherein an affirmative defense apparent from the complaint constitutes an absolute jurisdictional bar or otherwise wholly disposes of the merits of the suit in the defendant's favor.[11]

We observe that the Third Circuit has specifically rejected the notion that venue can be grounds for denying in forma pauperis status under similar statutory language.[12] The courts of the Third Circuit have stated that in the absence of any statutory authority to deny in forma pauperis status for lack of venue, it is inappropriate for the trial court to dispose of the case sua sponte on an objection to the complaint that would be waived if not raised by the defendant in a timely manner.[13] Even if raised, these courts note, there would be a possibility of transferring the case to a district where venue

---

[9] *Id.* at 421, 422 N.W.2d at 780.

[10] See, e.g., 14D Charles Alan Wright et al., Federal Practice and Procedure § 3826 (4th ed. 2013).

[11] See, *Trujillo v. Williams*, 465 F.3d 1210 (10th Cir. 2006); *Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987); *Sanders v. United States*, 760 F.2d 869 (8th Cir. 1985).

[12] *Sinwell v. Shapp*, 536 F.2d 15 (3d Cir. 1976); *Fiorani v. Chrysler Group*, 510 Fed. Appx. 109 (3d Cir. 2013); *Crawford v. Frimel*, 197 Fed. Appx. 144 (3d Cir. 2006).

[13] See *id.*

would be proper, rather than dismissing the complaint without prejudice. And "[t]he denial of leave to proceed in forma pauperis would hardly seem to be a suitable vehicle for such a determination."[14] The State points to no case law holding differently.

The district court for Lancaster County, whether or not the proper venue for Castonguay's action, had subject matter jurisdiction over the complaint.[15] Unless and until the action is transferred to another venue, the district court for Lancaster County has the power and the duty to determine the merits of any motions before it. This includes Castonguay's motion to proceed in forma pauperis.

The statute governing in forma pauperis status does not allow the court to deny the plaintiff's application on the grounds of improper venue. Rather, the exceptions to granting in forma pauperis status are limited to objections based on (1) sufficient funds or (2) the plaintiff's asserting legal positions which are frivolous or malicious. There is no allegation here that Castonguay had sufficient funds. The court did not determine that the complaint was frivolous or malicious, and we reject the State's argument that improper venue is tantamount to asserting a frivolous or malicious legal position.

## CONCLUSION

Because § 25-2301.02 does not permit denial of in forma pauperis status based on a sua sponte objection to venue, the district court erred in denying Castonguay in forma pauperis status on that basis. We reverse the judgment and remand the cause with directions to proceed in a manner consistent with this opinion.

Reversed and remanded with directions.

Cassel, J., not participating.

---

[14] *Sinwell v. Shapp, supra* note 12, 536 F.2d at 19.

[15] See, e.g., *Blitzkie v. State, supra* note 8.